## T. C. GREENWOOD v. T. W. PIERCE.

(Case No. 3416.)

1. AGENT — CONTRACT.— The representations of the agent of a railway company, made in the sale of lots at a depot town, as to the future location of the road with reference thereto, when made as inducements to the purchaser of a lot to contract therefor, become, when acted on in making the purchase, assurances and undertakings, which the road is bound to comply with.

2. SAME — DAMAGES.— A purchaser misled to his prejudice by such representations, cannot, in an action for damages, recover the value of improvements made on the property bought; such damages would be too remote. The measure of damages would be the difference, ordinarily, between the contract price and the actual value of the property.

ERROR from Caldwell. Tried below before the Hon. L. W. Moore.

Pierce brought this suit against Greenwood the 17th day of August, 1875, on the following note:

"$177.50. LULING, TEXAS, July 8, 1874.

"Twelve months after date, for value received, I promise to pay Thomas W. Pierce, of Boston, Mass., or order, one hundred and seventy-seven and fifty one-hundredth dollars in gold, with ten per cent. interest until paid.

"This note is given for the balance of purchase money due on lot number one, in block number forty-eight, in the town of Luling, on the line of the G. H. & S. A. Railway, Caldwell county, being the same note referred to in the deed to said lot, of even date herewith.

(Signed) "T. C. GREENWOOD."

[1] NOTE.— A motion for rehearing in these causes transferred to Galveston term, 1883, and there refused.

Plaintiff sought to recover the amount of the note and secure a foreclosure of the vendor's lien upon the lot described, alleging that the note was given for part of the purchase money for the lot which he had conveyed to Greenwood, the note being mentioned in the deed.

Greenwood answered, in substance, that one hundred acres of land constituting a portion of the town of Luling, and of which this lot was a part, was donated to the Galveston, Harrisburg & San Antonio Railroad Company, but was nominally conveyed to Pierce, who was the reputed owner of the railroad, the president and general manager of the railroad company, and had full power to locate the depots and have the road constructed in such manner as he might wish; that the one hundred acres of land was divided into blocks and lots, and delineated on a map; that upon this map was also delineated the track and switch of the railroad, and the freight and passenger depots were designated thereon; that the lots were sold by the company through an agent at public sale; that the agent exhibited the map at the time, and sold the lots with reference to the same, and represented to the purchasers that the road would be constructed and the depots located as shown upon the map. Also that appellant relied upon these representations, and was thereby induced to make the purchase; that the company wilfully and intentionally ignored these assurances of the agent, and constructed the road and erected the depots in other and different places than those designated upon the map, and as represented by the agent at the time of the sale; that by reason of these changes the lot purchased by appellant was rendered entirely valueless; that the construction of the road and erection of the depots were done by appellee with intent and purpose of enhancing the value of his own property in the eastern part of the town, and with the intent to injure and wrong the appellant.

That appellant, relying upon the good faith of appellee, immediately after the purchase, or as soon thereafter as he was able to do so, erected permanent improvements upon the lot to the value of $1,000, and that he was damaged by reason of the frauds of the appellee and company in the sum of $2,000, all of which was pleaded in reconvention.

To these answers the appellee excepted on several grounds, among them: 1st. That the railroad company was the party against whom the right of action, if any, was shown. 2d. That the damages claimed were of a public nature, affecting alike all the purchasers at the sale. The answer did not show that defendant was deceived by the assurances, and that they were not dependent covenants.

On September 28, 1876, the cause was tried. The appellee's exceptions to appellant's original and amended answer were sustained, judgment rendered for the amount of the note, and the lien foreclosed.

*T. C. Greenwood,* for appellant.

*Collins & Collins,* for appellee.

WATTS, J. COM. APP.— But one question is presented by the record for determination, and that is, did the court err in sustaining the exceptions to the original and amended answer?

The proposition that the representations of the agent that the road would be constructed and the depots erected as designated upon the map could not be fraudulent because these representations related to matters in the future, is not correct under the facts of this case.

Justice Wheeler, in discussing that question in Henderson *v.* Railroad Company, 17 Tex., 580, used the following language: "But it is not necessary, in order to render the representations and assurances of a party, on which others have acted, binding upon him, that they should have relation to facts which had previously transpired. The representations as to what the defendants would do, when used as inducements to others to contract with them, became assurances and undertakings which they were bound to fulfil. They were obligatory upon them, and must be so held, or the contract would be void for the want of mutuality."

So in this case, if the lot was sold with reference to the map, and upon the representations that the road would and should be constructed and depots erected as therein delineated, and that the appellant was thereby induced to make the purchase, then these representations are obligatory upon the party, and a failure to comply with them would be just as detrimental to appellant as if he had been induced to make the purchase upon a misrepresentation relating to some matter in the past. The matters to be done constituted a part of the consideration of the note.

The damages asserted in the answer, accruing to appellant from his constructing improvements on the lot, are not such as can be recovered in a case like this. It does not appear from the answer but that these improvements were placed upon the lot after the road had been constructed through and the depots erected in the town of Luling; and if the improvements were placed upon the lot before the road was so constructed and the depots erected, then such dam-

ages would not be recoverable, for remote or contingent damages would not be considered as coming within the contemplation of the parties, nor would such damages be the natural and legal sequence of a failure to construct the road and erect the depots just as they were delineated upon the map.    Brandon v. Manufacturing Co., 51 Tex., 121.

In a suit of this character, the measure of damages for failing to comply with the assurances upon which the property was sold would ordinarily be the difference between the contract price and the actual value of the property.    There is nothing in the circumstances of this case, as presented by the answer, that would require the application of any other than the general rule.    Wright v. Davenport, 44 Tex., 164.

It is urged that the appellant ought to have made the railroad company a party to the suit, so as to have secured redress from the company for the wrongs complained about.

But the effect of the averments of the answer is, that appellee was throughout the entire transaction, including this suit, acting in the capacity of trustee or agent for the railroad company.    If such be the fact, there is no reason why appellant could not, as against him, assert the damages and secure an abatement of the purchase money, not to exceed the amount of the note sued on.    Under the averments of the answer, appellant could not recover an individual judgment against appellee for damages accruing to him on account of the wrongs done by the agents of the railroad company.

Appellee is not averred to be the owner of the railroad; it is said that he is the reputed owner, and the president and acting general manager of the company.    It is not averred that the " Galveston, Harrisburg & San Antonio Railroad Company " is a corporation duly incorporated, and the designation of the same by that name does not give rise to the presumption that it is a corporation.    Life Insurance Co. v. Davidge, 51 Tex., 249.

Considering it, however, as an unincorporated company or partnership, or as a body duly incorporated, the same result would follow. The averment that appellee is the reputed owner of the railroad is not tantamount to a direct averment that he was the owner.    He might be the reputed owner, but in fact have no interest in the matter whatever; and as the party's pleading must be taken most strongly against the pleader, under the averments in the answer appellee cannot be considered as the owner of the railroad.

Again, he might have been the owner at the time the suit was instituted, but not the owner at the time the sale was made, and

therefore not liable for the antecedent obligations of the company.

In our opinion, the averments contained in the original and amended answer are sufficient to entitle appellant to a hearing to the extent of securing an abatement of the purchase money, as heretofore mentioned; and to that extent the court erred in sustaining appellee's exceptions.

We conclude that the judgment ought to be reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion approved June 10, 1882.]

NOTE.— This opinion should have been in 57th Texas, but the record was not accessible.