## I. H. AND W. T. ROUTH v. WM. CARON.

(Case No. 5517.)

1. FRAUDULENT MISREPRESENTATIONS — PAROL EVIDENCE — MEASURE OF DAM-
AGES.— A vendor delivered a written deed with warranty of title to a flock
of sheep. The vendees brought suit for damages, alleging that on the day
of the execution and delivery of the deed, the vendor represented to them
that the sheep were sound and free from all contagious or infectious diseases;
that the sheep were really in a diseased condition; that that fact was known
to the vendor at the time of the sale, and that the vendees purchased the
sheep, relying on the false and fraudulent representations of the vendor.
*Held:*

(1) That the averments of the petition showed a good cause of action, and
to prove them by parol evidence would not infract the rule which denies the
right to contradict or vary a written contract by parol evidence. This ques-
tion has been fully considered by this court in cases analogous to the present,
and the averments found in the petition in this case held to constitute a good
cause of action. (See cases cited in the opinion.)

(2) That the measure of damages applied to the case, as made by the peti-
tion (in which no rescission of the contract is sought, but damages only),
should be the difference between the sum paid for the sheep and their value
in the condition in which they were, with a sum, by way of damages, equal
to interest on such sum as may be found to be that difference, from the
time the same was paid until judgment.

(3) That if it should appear that all the sheep were not diseased at the
time of the sale, but subsequently others contracted the disease from such
as were, then the vendees will be entitled to all such damages as they have
sustained by reason of the disease being subsequently communicated to
those not diseased at the time of the sale by contact with those so diseased,
which will include the value of such as died from the disease, and expenses
properly incurred in care and attention to them.

(4) That if some of the sheep did not belong to the vendor at the time of
the sale, the vendees would be entitled to recover the sum paid for them
with interest thereon from time of payment.

APPEAL from Runnells. Tried below before the Hon. Wm. Ken-
nedy.

Appellants' second amended original petition alleged that about
September 1, 1883, plaintiff bought of defendant several tracts of
land, described in the amendment by metes and bounds, and also
one thousand and seventy-five head of sheep, for the gross sum of
$13,353.99, the amount to be paid in amounts, and at times, as de-
scribed in the petition; that the one thousand and seventy-five head
of sheep were sold and bought at the price of $3.85 per head, or
the aggregate sum of $4,138.75. That the defendant, on the day of
purchase, delivered his written deed, *warranting title* to the prop-
erty, real and personal. That on the same day of the execution

and delivery of the deed (and on prior days), defendant, an experienced flock-master, and knowing plaintiffs to be inexperienced and without opportunity to examine for themselves, represented to plaintiffs that the sheep were sound, free from scab, itch or any other contagious or infectious disease to which sheep on the range in Runnells county were subject, and so represented them to be after plaintiffs had made inquiry of him and after he knew that plaintiffs only desired to purchase sheep so sound and healthy. That the written expressions and conditions of warranty, as contained in the deed of September 1, 1883, only meant and referred to, and were only intended by the parties thereto to mean and refer to, the title, and did not refer to the question of soundness or unsoundness. That defendant's representation as to the soundness of the sheep was by him falsely, fraudulently and wickedly made with intent to defraud plaintiffs and induce them to make the purchase, he then and there knowing that the sheep were not sound or merchantable, but had scab or some other infectious or contagious disease which impoverished and hurt their condition, and deteriorated their value, and reduced in quantity and quality the wool produced by them.

Plaintiffs sued for damages, charging:

1. That the sheep were represented as sheep that would shear ten pounds per head at first clipping after September 1, 1883. While in truth and fact, because of their diseased condition, they only sheared seven thousand eight hundred and forty pounds, a deficit of two thousand nine hundred and ten pounds, at twenty cents per pound, to the damage of plaintiffs $582.

2. Loss of four bucks worth $25 each, the loss resulting from diseased condition, damage $100.

3. Loss of thirty ewes, same cause, at $3.85 per head, $315.50.

4. Failure of warranty of title to twenty-two head, $84.70.

5. Depreciated value of flock, because of their diseased condition, $1.35 per head, $1,450.50.

To the sufficiency of the petition defendant excepted generally and specially. The court sustained the first and second special exceptions, which were as follows:

1st. The petition attempted to set up a parol contemporaneous agreement of additional warranties to those contained in the written contract.

2d. The petition attempted to vary the terms of the written contract without alleging that the same was *executed* through fraud, accident or mistake. These exceptions were sustained by the court, and plaintiffs declining to amend, judgment was given for defendant.

*Boone & Scarborough* and *Willingham & Harris*, for appellants, cited: Wintz *v.* Morrison, 17 Tex., 372; Haldeman *v.* Chambers, 19 Tex., 2; Brantley *v.* Thomas, 22 Tex., 274; Blythe *v.* Speake, 23 Tex., 428; Robertson *v.* Smith, 11 Tex., 212; Preston *v.* Breedlove, 36 Tex., 96; 1 Parsons on Contracts, pp. 577–83; Kerr on Fraud and Mistake, pp. 68, 72, 100; Benjamin on Sales, vol. 1, sec. 613; vol. 2, secs. 921, 940; 1 Story, Equity Jur., sec. 193; 2 Kent, 479, 480; 2 Blackstone, 451 and note; Bigelow *v.* Collamore, 5 Cush., 226; Harper *v.* Gilbert, 5 Cush., 417; Miller *v.* Henderson, 3 S. & K., 290; Greenawalt *v.* Kohne, 4 Norris, 369; Barclay *v.* Wainwright, 5 Norris, 191; Whiting *v.* Shipman, 8 Norris, 22; Hoops *v.* Beale, 9 Norris, 82; Keough *v.* Leslie, 11 Norris, 424; Hartley's Appeal, 7 Outerbridge, 23; Juniata Building Association *v.* Hetzel, 7 Outerbridge, 23; Brown *v.* Morange, Cent. Law Jour., vol. 20, No. 7, p. 136.

*Spoouts & Leggett*, for appellee, cited: Benjamin on Sales, vol. 2, p. 821, note 13; vol. 1, sec. 202, note 1; Bruner Bros. *v.* Strong, 61 Tex., 555; Stine *v.* Sherk, 1 W. & S., 195; Hill *v.* Gaw, 4 Barr, 493; Kostenbader *v.* Peters, 80 Penn.; Wharton on Ev., secs. 920, 922, 923, 929–932, 1014, 1019, note 2, 1033.

Stayton, Associate Justice.—From the manner in which this case was presented by demurrers in the court below, and from the brief of counsel filed in this appeal by counsel for appellee, it is probably true that the question considered in the district court was whether by parol evidence the warranty contained in the deed made by appellee to the appellants could be enlarged and made to extend to a warranty of the soundness of the sheep sold.

That was not the question in the case. The question was whether or not the representations alleged to have been made by the appellee to the appellants, in reference to the condition of the sheep, were such, and made under such circumstances, as to amount to fraudulent misrepresentations, such as would entitle the appellants to rescind the sale, or to maintain an action, in the nature of an action for deceit, for damages.

The petition alleges that the sheep were diseased, and that this fact was known to the appellee, who was an experienced flock-master, and that it was unknown to the appellants, who are alleged to have had no fair opportunity to inspect them, or experience from which they could have detected the disease.

It alleges that the appellee represented that the sheep were sound,

free from scab, itch or other contagious or infectious disease to which sheep of the country were subject; that this was false, and known to be so by the appellee; that the representations were made with the fraudulent intent to induce the appellants to purchase the sheep after he knew that they would not purchase if they knew that the sheep were, as alleged, diseased.

It is further alleged that the representations made in reference to the condition of the sheep were material, and that by them the appellants were influenced to make the purchase, which they would not otherwise have made, and the loss claimed to have resulted from the diseased condition of the sheep is clearly stated.

There can be no doubt that .the averments of the petition show a good cause of action, and that to prove them by parol evidence will not infract the rule which denies the right to contradict or vary a written contract by parol evidence. 1 Greenleaf, 284; Wharton on Evidence, 931, 932.

This question has been heretofore very fully considered by this court in cases very analogous to the present, and the averments found in the petition in this case held to constitute a good cause of action. Wintz v. Morrison, 17 Tex., 372; Haldeman v. Chambers, 19 Tex., 2; Blythe v. Speake, 23 Tex., 431.

The rules governing such cases are fully stated by the following elementary writers: 2 Benjamin on Sales, 921; 1 Benjamin on Sales, 674, 694; 1 Parsons on Contracts, 578; 1 Story's Equity, 190b, 193; Pomeroy's Equity, 876, 899; Pollock's Principles of Contracts, 484, 488; Kerr on Fraud and Mistake, 53, 142.

The general demurrer and the first and second special demurrers should have been overruled.

As the appellants do not seek to rescind the contract, and only seek to recover damages resulting from the diseased condition of the sheep, we are of the opinion that the measure of damages which should be applied to the case made by the petition will be the difference between the sum paid for the sheep and their value in the condition in which they were, with a sum, by way of damages, equal to interest on such sum as may be found to be that difference, from the time the same was paid until judgment. The price paid is alleged to have been the reasonable value of the sheep had they been sound.

If, however, it should appear that all the sheep were not diseased at the time of the sale, but that subsequently others contracted the disease from such as were, then the appellants will be entitled to all such damages as they have sustained by reason of the disease being

subsequently communicated to those not diseased at the time of the sale by contact with those so diseased, which will include the value of such as died from the disease and expenses properly incurred in care and attention to them. Wintz v. Morrison, 17 Tex., 385.

It is alleged that some of the sheep did not belong to the appellee at the time he made the sale. If so, as to those, the appellants are entitled to recover the sum paid for them, with interest thereon from time of payment.

The judgment is reversed and the cause remanded.

Reversed and remanded.

[Opinion delivered May 26, 1885.]