### W. R. CLEMENT v. H. A. CLEMENT ET AL.

Decided December 22, 1906.

**1.—Res Adjudicata.**

It is a fundamental principle of the law that when a matter has been once properly adjudicated between parties such adjudication shall be a bar to another suit between the same parties or their privies concerning the same matter.

**2.—Same—Different Parties.**

In this suit one of several devisees sued the executor of the estate and a third party for an accounting by the executor of his management of the estate, and charging said executor and third party with conversion of the property of the estate. In bar of this suit the executor plead and introduced in evidence

the pleadings and judgment in a former suit by himself and his coexecutor against all the devisees, including the plaintiff in this suit, for partition and distribution of the estate, and for their discharge as such executors, in which suit the plaintiff in this suit filed a cross-bill, alleging, in substance, the same matters alleged by him in this suit. Held, that the judgment in the first suit, in favor of the executor, was a bar to the present suit. And the fact that one of the defendants in the suit was not a party to the first suit did not prevent the judgment in that case from protecting the executor in this case, since in both suits it was charged that the conversion was jointly made by the defendants in this suit.

### 3.—Limitation—Fraud—Discovery.

It appearing from the evidence that more than two years elapsed between the date of the alleged conversion and the death of the testator, and there being no proof that the testator did not know of or consent to the acts of the executor alleged to constitute a conversion, and no proof of fraud or concealment on the part of the executor, plaintiff's cause of action was barred by limitation, and the court was authorized to instruct a verdict accordingly.

Appeal from the District Court of Lamar County. Tried below before Hon. T. D. Montrose.

*Dudley & Dudley* and *E. P. Scott,* for appellant.—The court erred in admitting in evidence, over the objections of plaintiff, the answer of Lucy I. Rush and others, and the amended answer and cross bill of W. R. Clement, and the judgment of the District Court in the case of H. A. Clement and Owen P. Hale, executors, v. Lucy I. Rush et al., because that was a suit by H. A. Clement and Owen P. Hale in their fiduciary capacity, to settle the trust in their hands, and partition the trust estate. Defendant H. A. Clement, individually, was not a party to that suit. Defendant R. F. Scott was not a party to that suit, and the matter in litigation in the present suit, wherein the plaintiff is seeking a judgment against H. A. Clement and R. F. Scott for wrecking the Paris Exchange Bank, and dissipating and using and converting its property, money, business and good will, not only was not, but could not have been legally tried and determined in that suit, and said pleadings and judgment constituted no defense to this suit. Moore v. Snowball, 81 S. W. Rep., 5.

On liability of defendants: Thomas v. Moore, 80 Texas, 289; Lang v. Dougherty, 74 Texas, 286; Hagood v. Elson, 21 Texas, 506; Commercial Bank v. Jones, 18 Texas, 823; Magnolia Park Co. v. Tinsley, 73 S. W. Rep., 5; Kauffman v. Beasley, 54 Texas, 568.

On question of *res adjudicata:* Moore v. Snowball, 81 S. W. Rep., 5; Banton v. Wilson, 4 Texas, 400; Cook v. Burnley, 45 Texas, 115; Nichols v. Dibrell, 61 Texas, 541; James v. James, 81 Texas, 381; Caruth v. Grigsby, 57 Texas, 266.

On instructing a verdict, see, Biles v. Sea Board Air Line Ry. Co., 52 S. E. Rep., 129, et seq.

*Moore, Park & Birmingham* and *Hale, Allen & Dohoney,* for appellees.

RAINEY, CHIEF JUSTICE.—This is an action for conversion, brought by appellant as plaintiff, to recover of appellees H. A. Clement and R. F. Scott. The property alleged to have been converted was money, notes, deposits, business and good will of the Paris Exchange Bank, which

belonged to plaintiff's mother, R. C. Clement, she having died, and plaintiff claiming one-fifth interest as an heir.

Defendants plead the general denial, two years limitation and *res adjudicata.*

The court peremptorily instructed for defendants and verdict and judgment were accordingly so rendered, and plaintiff prosecutes this appeal.

The first error presented is, that the court erred in admitting in evidence the pleadings and judgment in the suit of H. A. Clement and Owen P. Hale v. Lucy I. Rush, et al., in the District Court. The contention is that R. F. Scott was not a party to that suit; that H. A. Clement was not a party in his individual capacity but in his fiduciary capacity, and that the matters in issue here could not have been determined in that suit.

In 1902 Mrs. R. C. Clement died, leaving a will with H. A. Clement and Owen P. Hale as independent executors of her estate. By the provisions of said will her five children, H. A. Clement, R. M. Clement, Mrs. Lucy I. Rush, Mary E. Clement and W. R. Clement, were the legatees of the main portion of said estate. In December, 1903, H. A. Clement and Owen P. Hale, as executors, joined by R. M. Clement, instituted suit in the District Court against Lucy I. Rush, Mary E. Clement and W. R. Clement, seeking a settlement and partition of said estate among the legatees, setting forth the assets subject to distribution and for their discharge.

In the answer and cross bill of Mrs. Rush and Miss Clement, they alleged that the plaintiff, H. A. Clement, Lucy I. Rush, Mary E. Clement, R. M. Clement and W. R. Clement own jointly and as tenants in common the real estate, money, notes, judgments and other evidences of indebtedness that are set out in plaintiff's petition, but they say that they are joint owners of largely more money, notes, judgments and other evidences of indebtedness and other personal property, than alleged in said petition and in the inventory filed in the County Court of the estate of Mrs. Clement. In their cross bill they allege various things and set up certain notes that belonged to said estate that had not been inventoried and accounted for.

In paragraph second of said cross bill they alleged that at the date of the death of Mrs. R. C. Clement, the said H. A. Clement was indebted to Mrs. R. C. Clement in the sum of about $25,000; that they can not state the exact amount, when due, whether evidenced by note or not, for the reason that for many years before the death of Mrs. Clement, H. A. Clement had been her agent and business manager: had control of her property and kept all her notes and accounts in his possession; and that said indebtedness has not been accounted for. They set up various acts of alleged mismanagement on the part of the executors. They prayed for the appointment of a receiver, and that H. A. Clement be required to turn over the books of the Paris Exchange Bank, etc., and they also prayed that "on final hearing Lucy I. Rush, Mary E. Clement, W. R. Clement and R. M. Clement each have judgment against H. A. Clement for one-fifth of the amount due by H. A. Clement to R. C. Clement at the date of her death."

In the answer of W. R. Clement in said cause, he alleges that he

admits that H. A. Clement, R. M. Clement, Lucy I. Rush, Mary E. Clement and himself are the only heirs of R. C. Clement, and that they are each entitled to one-fifth of her estate, but denies that the whole of said estate is set out or referred to in plaintiff's petition.

"And by way of special answer and cross bill, this defendant here now adopts and makes a part of his cross bill all allegations contained in the cross bill of his co-defendants, Lucy I. Rush and Mary E. Clement, and charges and makes the whole of said allegations of his said co-defendants his own allegations, without here copying the same. In addition to the allegations made by his said co-defendants Lucy I. Rush and Mary E. Clement, this defendant further alleges that the inventory referred to by the plaintiffs fails to show all the money on hand at the death of R. C. Clement in this, that this defendant verily believes and so alleges, that she had at her death the sum of $36,000 instead of only $19,767.67, as alleged by plaintiffs; that R. C. Clement is the widow of S. E. Clement, deceased, who died in 1895, leaving a large estate to his said widow, and that from the time of his death to the time of the death of said R. C. Clement, H. A. Clement acted as her agent, and was the active manager of all the estate of said R. C. Clement, and that he and his co-plaintiff colluded and conspired together to actually control her estate; that said R. C. Clement was old and infirm and incapable of actively managing her estate, and that plaintiff taking advantage of her infirmity, exercised an undue influence over her, and H. A. Clement and R. M. Clement got possession of a great deal of valuable property belonging to her, and in a manner that is entirely hostile to the interests of this defendant, and his co-defendants, as will be more particularly hereinafter set out, which property H. A. Clement and Owen P. Hale have failed to inventory as a part of her estate.

"Defendants allege that H. A. Clement is in possession of valuable real estate rightfully belonging to the estate of R. C. Clement, situated on the southeast corner of the public square, in the city of Paris, Texas, on the west side of South Main Street, fronting on the public square 54 feet, and running south with South Main Street 90 feet, now occupied by the Paris Loan and Trust Company, and formerly occupied by the Paris Exchange Bank, together with bank fixtures and furniture, bank vault and safes, contained in the building on said lot. Also the building situated thereon and now occupied by the Postal Telegraph and Cable Company, and Mohr Bros. saloon; said H. A. Clement is claiming to have purchased said property from said R. C. Clement, but this defendant alleges that if he did purchase the same, that he has never paid the purchase money therefor, and if he did pay the purchase money, he still holds the same for the estate and heirs of R. C. Clement, and that he and his co-executor have never inventoried the same, nor accounted to the heirs therefor. The rental value of said property is reasonably worth the sum of $300 per month."

"This defendant further alleges that at the time of the death of S. E. Clement in 1895, Mrs. R. C. Clement became the owner of 498 shares of the capital stock of the Paris Exchange Bank, a private corporation created under the laws of Texas, with a valuable charter running for fifty years and doing a general banking business in the city of Paris;

that there was only two other shares of stock, one held by H. A. Clement and the other by R. M. Clement; that the shares of stock were of the face value of $100 each; that H. A. Clement was the cashier of said bank, and on the death of S. E. Clement continued as such and took control of its business, books, moneys, notes, accounts and deposits; that the volume of business transacted by said bank aggregated about $250,000 annually, with deposits ranging from $85,000 in the spring of the year to $150,000 in the fall season; that said bank was not indebted and was in good financial standing with other banks; that the said H. A. Clement, while cashier of said bank in 1898, conspired with one R. F. Scott to get the actual control of all its property, rights and franchises and its business, deposits and good will of said bank, amounting to a large sum of money, the amount of which is unknown to this defendant; that the business and charter rights and good will of said bank was reasonably worth $25,000; that H. A. Clement did take actual control of said bank, its business and property, and he and the said R. F. Scott, promoted and organized the Paris National Bank about May, 1898, which Paris National Bank immediately went into the banking business in the Paris Exchange Bank building with its furniture, fixtures, vaults, etc., and succeeded to the business of the Paris Exchange Bank, which said last named bank had done no business since; that said H. A. Clement became cashier of said Paris National Bank.

"This defendant further alleges that there was a large sum of money, notes and other evidences of debt in the vault of the Paris Exchange Bank at the time of the organization of the Paris National Bank, as defendant verily believes, and that said H. A. Clement had possession of the same as cashier and as agent of R. C. Clement, which sum has not been inventoried by plaintiffs. Defendant alleges that plaintiff H. A. Clement has continually had possession of all the books, notes, accounts, etc., of the Paris Exchange Bank since the time of the death of S. E. Clement to the present time, and that he surreptitiously and fraudulently removed them from the bank vaults of said Paris Exchange Bank and now has them secreted in his possession and under his control at some place not known to this defendant, and that this defendant has often demanded of said plaintiff that he be allowed to examine said books, as he had a right to do so, that he might ascertain his interest, if any, as shown by said books. That it is necessary that all the books and papers relating to the Paris Exchange Bank be produced in this court for inspection and examination before the true status of the estate of R. C. Clement can be determined; as further inducement this defendant alleges that on the organization of the Paris National Bank, which succeeded to the business of the Paris Exchange Bank, that plaintiff H. A. Clement became the owner of 385 shares of its capital stock of the face value of $100 per share, and that Mrs. R. C. Clement, although the owner of 498-500 of the stock of the Paris Exchange Bank, had no stock in said Paris National Bank."

He prayed as prayed by his co-defendants in their answer and cross bill, that H. A. Clement be required to bring into court for inspection all books, papers and documents relating to the business of the Paris Exchange Bank, for partition and for general and special relief.

The judgment of the court in said cause recites, among other things,

the following;. "September 13, 1904. On this day this cause coming on for trial, came the parties by their attorneys and announced ready for trial, and demand having been made, there came a jury of twelve good and lawful men, to wit: G. B. Bolton and eleven others, who were duly selected, empaneled and sworn to try this cause; and the pleadings of the parties, consisting of the plaintiff's petition and the various answers and cross bills of the defendants and plaintiff's replications thereto having been heard by the jury, and after hearing the evidence, argument of counsel, and having received the charge of the court. the jury retired to consider of their verdict, and after due deliberation returned into open court the following verdict, to wit: 'We, the jury find for the plaintiffs. G. B. Bolton, Foreman.' It is therefore ordered, adjudged and decreed by the court that the property described in plaintiff's petition be partitioned among the parties hereto in equal portions as provided in the will of R. C. Clement."

Then follows in said judgment a description of all the property of every kind to be divided and distributed; and the appointment of John S. Stone, special commissioner, to sell the property, etc., and pay the money into court, to be paid to the five legatees; and in said judgment is contained the following: "It is further ordered, adjudged and decreed by the court that defendants Lucy I. Rush and Mary E. Clement take nothing by reason of the cross bill filed in this cause by them against Henry A. Clement, and that the defendant W. R. Clement take nothing by reason of the cross bill filed in this cause by him against the plaintiffs Henry A. Clement and R. M. Clement."

The effect of the foregoing allegations in the cross bill was to make H. A. Clement account for all the assets of the estate of Mrs. R. C. Clement, which included everything for which the plaintiff in this action seeks to recover. The court had jurisdiction to inquire into all the matters alleged and determine whether or not H. A. Clement was withholding from the other heirs any of the property of said estate, or indebted to it in any way. Had the court determined the matters against H. A. Clement it would have affected him individually, for a judgment against an executor in such capacity affects the estate, while a judgment against him for mismanagement, etc., affects him individually. Had a judgment gone against H. A. Clement in that suit and he made to account for the matters there claimed, can it be said he would be subject to respond in this litigation? We think not. Then how can it be said as he won in that suit, that he ought to respond to plaintiff's demand in this suit, which is for the identical thing?

It is a fundamental principle of the law that when a matter has been once properly adjudicated between parties, such adjudication is a bar to another adjudication between the same parties or their privies. But it is said that R. F. Scott was not a party to that proceeding. While that is true, yet the conversion charged in both suits was joint as to both H. A. Clement and R. F. Scott? H. A. Clement having won the judgment can it be interposed as a bar in this suit, insofar at least, as it affects him? In this suit the evidence fails to show that Scott ever converted any of the estate of R. C. Clement, or was in any way connected therewith.

The record showing that the matters involved in this suit had been

previously adjudicated, there ·was no error in the court admitting said evidence.

We are also of the opinion that the court was authorized to instruct a verdict on the ground of plaintiff's claim being barred by the two years' statute of limitation. More than four years elapsed from the date of the conversion, as alleged, until Mrs. R. C. Clement died and there is not a particle of proof to show that limitation did not run in favor of R. F. Scott. It is alleged that the conversion was made without the knowledge or consent of Mrs. Clement, but there is no proof in the record that Scott was a party to the conversion. Nor is there any proof that Mrs. Clement did not know or consent to the manner and use that H. A. Clement made of the property. Plaintiff is in no better attitude than his mother would be, and if there was a conversion there should be proof of some excuse why the fraud was not sooner discovered in order to prevent the statute from running. The judgment is affirmed.

*Affirmed.*

Writ of error refused.