## TEXARKANA MOTOR CO. v. BRASHEARS.

### No. 3976.

Court of Civil Appeals of Texas. Texarkana.
March 20, 1931.

Rehearing Denied March 26, 1931.

**774**

that the automobile "was of the 1925 model, a defective model, defective in the oiling system, and not properly distributing oil, and at a speed exceeding thirty-five miles the connecting rod did not equally distribute oil and would inevitably burn out." Appellant insists such evidence was hearsay and the objection to its introduction should have been sustained. Although giving the particular defects pointed out, yet the witness was merely undertaking to state when and the circumstances under which he gained his knowledge about the condition of the automobile. In that view there was no legal objection to the evidence. Assuming, however, there was technical error in admitting the evidence, such error must be regarded as harmless when tested by the record as a whole. Rule 62a. The witness Speers in testifying himself gave the very evidence about the automobile as is complained of in the bill of exception. Other witnesses also testified to the facts reproduced by the plaintiff in this testimony. And the court did not submit to the jury for finding upon any issue of whether or not the appellant represented that the automobile was of the particular model of 1925 and would hold up at the speed as described by the plaintiff and the other witnesses.

The appellant pleaded in bar of the suit the statute of limitation of two years, and insists that the plea should have been sustained. It is the settled rule in this state that the statute of limitation begins to run from the time when and only when the fraud is discovered, unless in the exercise of reasonable diligence it might have been sooner discovered. Bass v. James, 83 Tex. 110, 18 S. W. 336; Port Arthur Rice Milling Co. v. Rice Mills, 105 Tex. 514, 143 S. W. 926, 148 S. W. 283, 150 S. W. 884, 152 S. W. 629. This rule really means that when the statute of limitation is pleaded in bar of the action and the evidence on the part of the defendant goes to show that the bar of the statute applies, then and in that event there devolves upon the plaintiff in the action the burden to produce evidence showing when he first discovered the fraud and the circumstances of discovery, so that the court may see he did not discover the fraud until less than the statutory time before the commencement of the suit and by due diligence such fraud could not have been found out sooner. Raley v. D. Sullivan & Co. (Tex. Com. App.) 207 S. W. 906; Clement v. Clement, 44 Tex. Civ. App. 574, 99 S. W. 138. In the absence of such evidence by the plaintiff in the action, the prima facie evidence of the defendant, that the bar of the statute applies, would stand as conclusive. But when the plaintiff in the action has produced evidence of the kind stated, then the prima facie evidence of the defendant, that the bar of the statute applies, would not stand as conclusive. In such circumstances there would have to be determined by the court or the jury upon

E. Harold Beck and L. E. Keeney, both of Texarkana, for appellant.

Elmer L. Lincoln, of Texarkana, for appellee.

LEVY, J. (after stating the case as above).

The plaintiff was allowed to testify over the objection of the appellant, in substance, that while the automobile in evidence was in the shop of the Dilby Auto Company undergoing repairs, he (plaintiff) obtained information through Joe Speers, the mechanic,

the whole evidence, the fundamental question of whether or not the action was barred by the statute of limitation. Unless it was as a fact barred, as tested by the rule applied in fraud cases, the defense of limitation could not prevail. Looking to the facts in the present case, it is believed the court was not authorized to hold, as a pure matter of law, that the cause of action was barred. The evidence fully raised the issue of matters avoiding limitation, which the jury should have determined in the first instance, taking the case out of the operation of the statute. Therefore, the point made by the appellant would be controlled in this record by the ruling in the cases of Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W. (2d) 1084, and Jones v. Baldwin (Tex. Com. App.) 23 S.W.(2d) 308. The rulings in these cases require an affirmative defense to be submitted to the jury or be conclusively deemed as waived. And the statute of limitation in bar of an action is classed as an affirmative defense, specially to be pleaded. 37 C. J. p. 1213, § 718; 2 Jones on Evidence, § 194; Cunningham v. Frandtzen, 26 Tex. 34; and other cases.

The appellant specially points out that in the judgment the appellee was awarded a recovery in the total sum of $800, consisting of the items of $500, which was the difference between what appellee parted with and what he received, and of $300 which was the total sum subsequently expended by the appellee in replacing connecting rods which had been burned out. The point in view, in effect, urged by the appellant is that having elected to keep the automobile notwithstanding the false representations, the appellee cannot recover as damages the $300 expenditure he made on it. It is quite correct, as asserted by the appellant, that in fraudulent sales the rule measuring the damages is fixed according to the election of remedies by the purchaser. 27 C. J. p. 18, § 128. The rule is thus stated: The defrauded party may rescind the transaction and return the property and receive back all the money or property which he has parted with and the damages which have proximately resulted from the fraud, or the defrauded party may suffer the transaction to stand and recover pecuniary damages as compensation. 2 Pomeroy, Eq. Juris. (4th Ed.) § 872. And in keeping with this rule the courts of this state expressly held that in an action, as here, brought purely for the declared purpose of damages, as redress by a purchaser who has been induced to make the purchase, the purchaser will be awarded in payment the difference between the value of what he parted with and that received in exchange. George v. Hess, 100 Tex. 44, 93 S. W. 107, 8 L. R. A. (N. S.) 804, 123 Am. St. Rep. 772, 15 Ann. Cas. 456; Greenwood v. Pierce, 58 Tex. 130; Moore v. Beakley (Tex. Com. App.) 215 S. W. 957; Thrasher v. Walsh (Tex. Civ. App.) 228 S. W. 961; Medley v. Lamb (Tex. Civ. App.) 223 S. W. 1048; B. & H. Motor Co. v. Tucker (Tex. Civ. App.) 299 S. W. 949. Special damages in addition to the above general damages are allowable to the defrauded purchaser only when arising out of special circumstances or exigencies peculiar to the particular case. Routh v. Caron, 64 Tex. 289; Beckwith v. Powers (Tex. Civ. App.) 157 S. W. 177; Spencer v. Womack (Tex. Civ. App.) 274 S. W. 175; and similar cases. Such special or similar circumstances or exigencies are not presented by the instant case being considered. And the expenses incurred by the defrauded party which are not the proximate consequence of the fraud, or which do not necessarily involve a loss, are not such special damages as are recoverable in addition to the general damage. Greenwood v. Pierce, 58 Tex. 130; Wimple v. Patterson (Tex. Civ. App.) 117 S. W. 1034; Linnartz v. Lawrie (Tex. Civ. App.) 192 S. W. 789; Chatham Machinery Co. v. Smith (Tex. Civ. App.) 44 S. W. 592; and other similar cases. The following quotation from Krause v. Busacker, 105 Wis. 350, 81 N. W. 406, 407, illustrates the ground which would deny the recovery of the expenses paid:

"Upon no theory, however, can it be held that the plaintiff is entitled to recover the $450 which he spent in improving the mill property before he found out the true condition of the dam. Possibly, had there been a rescission of the sale, such outlays might have been proper elements of damage; but there was no rescission. The plaintiff elected to keep the property, never attempting to rescind the sale, but bringing his action for damages, and thus affirming the transaction. Thus it is clear that the expenditures for improvements were expenditures made upon his own property, and that he necessarily had the benefit of them."

These latter cases above in the light of the evidence would govern and control the expenses here claimed. Looking to the evidence and the jury verdict, the appellee expended $300 for "replacing burned out connecting rods, due solely to defects in the lubricating system." The rods, it appears, became "burned out" after the purchase of the automobile while it was being driven at the speed of thirty-five miles an hour. The appellee discovered the faulty oiling system while the repairs were being made. It appears that after the purchase the car ran several months without a breakdown when the speed did not exceed twenty-five or thirty miles an hour. There was unfitness of the automobile for driving at a speed above 25 or 30 miles an hour. In fixing the "cash market value" of the automobile at $300 "at the time the automobile was sold by the plaintiff to the defendant," the jury necessarily considered that such automobile when driven at a speed at from twenty-five to thirty miles an hour was not worthless and was serviceable and was a go-

ing concern in the condition it then was although the oiling system was faulty. Subsequent expenditures in evidence was then beneficial to the appellee and voluntarily incurred on his own property. Such enhanced value was computed in the $500 item. As a consequence of the facts the contention of appellant will be sustained, and the recovery of the $300 denied.

We have reached the conclusion, after careful consideration of all the remaining assignments of error, that they should be overruled. The judgment is accordingly modified so as to deny recovery for the $300, and to allow recovery for the $500 only, and as so modified, to be in all things affirmed. Cost of appeal will be taxed against the appellee.