SANTA FÈ GRAIN CO. v. MINNEAPOLIS-MOLINE POWER IMPLEMENT CO.

No. 4455.

Court of Civil Appeals of Texas. Amarillo.

Sept. 9, 1935.

Rehearing Denied Oct. 21, 1935.

Sam Aldridge, of Farwell, and W. H. Russell, of Hereford, for appellant.

Monning & Akin, of Amarillo, for appellee.

JACKSON, Justice.

The plaintiff, Minneapolis-Moline Power Implement Company, a foreign corporation with a permit to do business in Texas, instituted this suit against the Santa Fé Grain Company, a domestic corporation, to recover the sum of $1,760.42, with interest, for the alleged conversion by defendant, on September 1, 1931, of certain wheat upon which plaintiff had a valid mortgage.

The defendant answered by demurrers, general denial, and specially pleaded that if it acquired the wheat involved it was purchased during the months of June and July, 1931, which was more than two years prior to the institution of this suit, and if any cause of action plaintiff had it was barred by the statute of two-year limitation.

In its first amended original petition, the plaintiff, in addition to the allegations of conversion in its original petition, alleged in reply to the defendant's plea of limitation that on October 20, 1932, it had, in cause No. 2047, instituted in the district court of Deaf Smith county suit against E. H. Blood, the owner and mortgagor of the wheat, for its debt and the foreclosure of its mortgage, and the Farmers Grain Company, a domestic corporation, and the defendant herein, for the conversion of said wheat; that in said cause it alleged that each of the grain companies had converted a part of the wheat; that on the trial of said cause in Deaf Smith county, G. Cranfill, the agent of each of the grain companies, testified that the Santa Fé Grain Company was solvent but had purchased no wheat from E. H. Blood in the year 1931, and the Farmers Grain Company, which was insolvent, had purchased all of the wheat involved in that suit; that because of such testimony, which was false and perjured, plaintiff dismissed

the Santa Fé Grain Company from cause No. 2047 without prejudice to its cause of action against said company; that by such false and perjured testimony of its agent, the Santa Fé Grain Company fraudulently concealed plaintiff's cause of action against it, and by such fraud the statute of limitation was tolled until plaintiff, in the exercise of due diligence, discovered in August, 1933, the falsity of said testimony and the fraud perpetrated thereby.

The defendant in its first amended original answer, in addition to the general denial and plea of limitation contained in its original answer, asserted the invalidity of the mortgage because too indefinite and uncertain, and alleged alterations therein after its execution. It also urged as a defense that plaintiff, in the trial of cause No. 2047 in Deaf Smith county, had subpoenaed the agent, G. Cranfill, placed him on the stand, and thereby vouched for his veracity, and having proved by him the conversion of the wheat involved by the Farmers Grain Company dismissed as to the Santa Fé Grain Company and secured judgment for the wheat involved against the Farmers Grain Company, which judgment is still unreleased, and by reason of these facts the plaintiff is bound by said judgment and estopped from denying that the Farmers Grain Company converted the wheat.

In response to special issues submitted by the court, the jury found in substance that there was no alteration of the mortgage, that the Santa Fé Grain Company purchased the wheat involved from E. H. Blood in 1931, and that the plaintiff exercised due diligence, after the trial of cause No. 2047 in the district court of Deaf Smith county, to ascertain whether or not the Santa Fé Grain Company had purchased said wheat from said E. H. Blood.

The court found that under the pleadings, the uncontroverted evidence, and the findings of the jury that the Santa Fé Grain Company, on September 1, 1931, at Friona, Tex., converted the wheat involved, which at said time and place was of the market value of $1,760.42; that plaintiff at that time had a valid and subsisting mortgage lien on said wheat duly recorded securing the indebtedness to it of E. H. Blood; and rendered judgment for plaintiff in the sum of $1,760.42, with interest at the rate of 6 per cent. per annum thereon, principal and interest aggregating $1,964.30.

Appellant's assignment of error and the propositions submitted thereunder relative to the defense of limitation are that, "The court erred in holding and ruling that plaintiff's cause of action was not barred by the two years statute of limitation [Vernon's Ann. Civ. St. art. 5526] according to the plaintiff's pleading and the undisputed testimony in said cause," and, under the pleading and proof, the court should have found and rendered a judgment in favor of defendant upon its plea of limitation.

The suit was filed August 26, 1933, and while certain issues were submitted to the jury, the record suggests that the issue of limitation was intentionally left to the determination of the court. The record discloses that limitation was not submitted to the jury, that no objection was urged to the charge for the failure to submit such issue, and no issue submitting the issue of limitation was requested. Neither by assignment nor proposition in this court does appellant complain of the action of the trial court in failing to submit such issue to the jury. The error urged here is in effect that the court erred in holding that plaintiff's cause of action was not barred, and in failing to render judgment for appellant on its plea of limitation. If, as the record indicates, the issue of limitation was left to the court, his findings have ample support in the evidence.

While no such error is assigned, the appellant in its oral argument before this court contended that the testimony was sufficient to raise the defense of limitation as pleaded, and should have been submitted by the court to the jury.

■ The law of limitation is not available as a defense in any suit unless specially pleaded (R. C. S., art. 5540), and if pleaded the burden of proof is on the party relying thereon to prove and have such issue submitted to the jury. Texarkana Motor Co. v. Brashears (Tex. Civ. App.) 37 S.W.(2d) 773.

■ The issue of limitation, if thus established, would have constituted a complete defense to plaintiff's cause of action; however, this issue was not submitted and not requested to be submitted, and was, therefore, waived. "When the omitted issue constitutes a complete ground of recovery, or a complete defense, a failure to request a submission of that issue waives said ground of recovery or said ground of defense." Ormsby et al. v. Ratcliffe, 117 Tex. 242, 1 S.W.(2d) 1084, 1085.

■ It is contended that since the appellee, in the trial of cause No. 2047 in the district court of Deaf Smith county, placed the witness G. Cranfill on the stand, vouched for his veracity, and proved by him that the Farmers Grain Company and not the appellant converted the wheat, and on such testimony obtained a judgment against the Farmers Grain Company, appellee is bound by such judgment and estopped from asserting that the wheat was converted by appellant.

That the testimony of the witness Cranfill was false and perjured is not questioned.

"The wilful giving of false testimony by a party in relation to a matter affecting an issue to be tried is fraud of the most pernicious character." 25 Tex. Jur. p. 608, par. 202.

Appellee dismissed appellant from suit No. 2047 without prejudice to any cause of action it had against it for the conversion of the wheat.

"Where one of several plaintiffs or defendants in an action is put out of the case by a dismissal or discontinuance as to him, the judgment thereafter rendered is not conclusive on such party, nor a merger of the cause of action for or against him." 34 C. J. p. 996, par. 1416.

The record shows the judgment in cause No. 2047 has not been satisfied.

"The authorities also seem to be agreed that one who has suffered an injury at the hands of several joint tort feasors may proceed against them successively; and that a judgment rendered against one of them will not bar prosecution of a suit against another until full satisfaction is had." 26 Tex. Jur. par. 484, p. 283.

"A defendant cannot plead in bar of the action against him the fact that plaintiff has already recovered a judgment on the same cause of action against a stranger not in privity with such defendant nor jointly bound with him, even though such recovery was wrong in law, the stranger not being legally liable, and may result in giving plaintiff a double satisfaction, although some authorities have held the contrary." 34 C. J. p. 975, par. 1391.

■ The appellant and the Farmers Grain Company, under this record, were

not joint tort-feasors but independent tort-feasors; each being liable for the amount of wheat converted by it.

"Where wrong-doers have not acted in concert, and separate and distinct injuries are caused by the act or neglect of each, the liability is several only." 62 C. J. p. 1131, par. 45.

The appellant became a stranger to the judgment obtained in the district court of Deaf Smith county upon its dismissal therefrom. As an independent tort-feasor it was responsible for the wheat converted and could not urge such unsatisfied judgment as a defense or as an estoppel against appellee.

We find no error presented, and the judgment is affirmed.