## JONES et al. v. BALDWIN et al. (No. 1584.)

Court of Civil Appeals of Texas. Beaumont. Aug. 2, 1928.

Rehearing Denied Sept. 27, 1928.

D. A. Puckett, of Houston, and D. E. O'Fiel, J. B. Synnott, and A. L. Shaw, all of Beaumont, for appellants.

E. B. Pickett, Jr., of Liberty, for appellees.

HIGHTOWER, C. J. This suit was filed in the district court of Liberty county by Adlawyer A. Baldwin, joined by her husband, Jack Baldwin, against J. G. Kaplan, W. E. Jones, and A. L. Shaw. By the first count in their petition, the plaintiffs, in the form of a trespass to try title action, sought to recover for Adlawyer A. Baldwin, in her own right and for four minor children of hers by a former husband, a 75-acre tract of land, a part of the David Minchey league, in Liberty county. By another count in their petition, plaintiffs attacked and sought to have canceled certain powers of attorney mentioned and described in their petition, under which it was alleged that the defendants, Kaplan, Jones, and Shaw, were asserting some character of title and interest in the 75-acre tract of land ·sued for, and it was prayed that these powers of attorney be canceled and annulled by the judgment of the court, on the ground that they had been procured by fraudulent statements and representations made to Adlawyer Baldwin and her husband, Jack Baldwin, by which they were induced to execute the powers of attorney.

Defendants Kaplan and Jones answered by the usual plea of not guilty, and specially denied the allegations in the plaintiffs' petition that the powers of attorney sought to be canceled were fraudulently procured. Defendant Shaw answered by plea of not guilty, general denial, and specially denied that the powers of attorney sought to be .canceled were procured by fraud, as alleged by the plaintiffs, and specially averred that one of the powers of attorney sought to be. canceled by the plaintiffs, to wit, that power of attorney dated August 5, 1925,·purporting to have been executed by Adlawyer Baldwin, joined by her husband, Jack Baldwin (Adlawyer Baldwin purporting to act for herself and her four minor children by a former husband), in which power of attorney the defendant Shaw and the defendant Jones were named as grantees, was a valid power of attorney and contract on the part of the grantors, and that he (Shaw) was thereby conveyed a one-third interest in the 75-acre tract of land for legal services that he bound himself to furnish and perform for the Baldwins in two certain suits that were pending against them in the District Court of the United States for the Eastern District of Texas, involving the 75-acre tract of land at the time said power of attorney was executed and delivered. The defendant Shaw further averred, in substance, that he had performed and carried out in all respects his contract under said power of attorney, and had defended successfully, at least in part, the two suits in the District Court of the United States before mentioned, and that, therefore, he was entitled to recover of plaintiffs in this suit a one-third interest in the tract of land in controversy here, both as against Adlawyer Baldwin, individually, and as guardian of her four minor children.

Defendant Shaw further averred, in substance, that in the two suits pending in the

District Court of the United States, above referred to, a compromise judgment between the parties was entered, by the terms of which recovery was awarded Adlawyer A. Baldwin and her four minor children for oil royalties in a certain amount of money, aggregating several thousand dollars, and that under the terms of his power of attorney he was entitled to have and recover of Adlawyer A. Baldwin, individually and as guardian for her four minor children, in this suit, a one-third interest in the amount of royalties that were recovered and fixed by the judgment in the United States District Court. He alleged in this connection that, his services as attorney in the two suits in the United States District Court having been furnished to and accepted by the Baldwins, for themselves and the four minor children, and they all having had the benefit of his legal services, they were now estopped to deny the validity of the power of attorney of August 5, 1925, and were estopped to deny his right to recover the value of his legal services, which they had accepted, and of which they got the benefit, and he prayed accordingly.

This general statement of the pleadings will suffice for a disposition of the questions that are before us on this appeal. The case was tried with a jury, and was submitted upon four special issues, all of which were answered in favor of plaintiffs, and upon the verdict as returned judgment was entered by the court in favor of plaintiffs for the recovery of the 75-acre tract of land sued for, as prayed by them, and for cancellation of the powers of attorney which they sought to cancel by this suit, and from this judgment the defendants, Jones, Kaplan, and Shaw, have appealed.

As we understand the main contentions of learned counsel for appellants, they may be briefly stated as follows:

(1) That the issues submitted to the jury by the court had no support in the pleadings of the plaintiffs upon which to base them, and that, therefore, such issues should not have been submitted, and the findings of the jury in response to them cannot be sustained for want of pleading to sustain them, and the judgment of the court upon the findings of the jury cannot be sustained for lack of pleading to sustain it.

(2) That there was no evidence to warrant the answers of the jury to the special issues submitted; that is to say, that there was no evidence to show that the powers of attorney sought to be canceled by the plaintiffs, and which were canceled by the judgment, were procured by fraud on the part of the defendant Jones, as alleged in the plaintiffs' petition.

At this point we will dispose of the two contentions of appellants just indicated. The allegations of fraud made by the plaintiffs are contained in paragraphs 5 and 8 of their first amended original petition, upon which the case proceeded to trial. Paragraph 5 reads as follows:

"That on or about the 28th day of April, 1925, and long prior thereto, the plaintiffs were living upon the 75-acre tract of land above described as their homestead and no one had ever asserted any title or claim adversely thereto; that on or about said date the said defendant, W. E. Jones, approached the plaintiffs and solicited them to execute and deliver to him a power of attorney authorizing him to recover for plaintiffs a 75-acre tract of land out of a larger tract of land in said Minchey league known as the Condit tract but being a tract of land different from the 75-acre tract of land above described and further the said defendant, Jones, represented to the plaintiffs, Adlawyer Baldwin and Jack Baldwin, that they were not capable of managing their property located in the South Liberty Oil field and did not understand how to handle it so as to obtain out of it the large amounts of money they ought to be receiving and would receive, if said property was properly handled and managed; and that he, the said Jones, if he represented them, could and would gain and realize for them large amounts of money, and also that he, the said Jones was especially experienced in handling and looking after property in oil fields and in recovering and clearing up titles to lands in oil fields when oil 'booms' were in progress and that by such efforts he had enabled poor people to become rich, and that if said plaintiffs would employ him to represent them and would give him the power of attorney he was seeking that although they were then poor he could and would make them rich people in a very short time; said defendant also represented to said plaintiffs that he was a lawyer and well understood how to proceed in caring for and handling all of plaintiffs' business so as to accomplish for them such beneficial results.

"Furthermore, the said defendant, Jones, then and there stated and represented to said plaintiffs that if they would execute and deliver to him a power of attorney to act for and represent them in the premises, he could and would have set aside and canceled that certain oil and mineral lease which had been executed on the 75-acre tract of land above described to one Marrs McLean by Frederick Antoine and his wife, Adlawyer Antoine, on the 3d day of June, 1916 (the plaintiff, Adlawyer Baldwin, was at the time the wife of Frederick Antoine, now deceased), and that after having such lease canceled and set aside he could and would procure a large amount of money for another lease upon that same land, or that if he did not so set aside and cancel said lease, he could procure from the man who already held it much more money than plaintiffs had been paid or would receive under said lease without the assistance of said Jones, who in the same connection, further stated to said plaintiffs that said lease could be easily canceled if the matter of having it canceled could be attended to by some qualified and experienced person."

Paragraph 6 of the plaintiffs' petition alleged, in substance, that Adlawyer Baldwin and her husband, Jack Baldwin, were illiterate and ignorant negroes, unacquainted with any kind of business affairs, and that the defendant Jones was a white man, and that they were induced by his fraudulent repre-

390

sentations and statements to execute to him the power of attorney of April 28, 1925.

Paragraph 8 of the petition was as follows:

"That the said plaintiffs, Adlawyer and Jack Baldwin, also on the 5th day of August, 1925, signed another written document which purports to be a power of attorney from them to the defendants A. L. Shaw and W. E. Jones, such document being recorded in volume 128, page 314, of the Deed Records of said county; that when such document was signed and delivered by them said plaintiffs were still relying upon the representations which had been made by said Jones to them as above alleged, and which he in substance repeated to them on or about the date they signed and delivered to him said last mentioned document and thereby they were induced and deceived into signing and delivering such purported power of attorney last referred to, and but for such misrepresentations, fraud and deceit on the part of said Jones the said plaintiffs would not have signed or delivered to him such document which purports to be a power of attorney of date August 5, 1925, and recorded in volume 128, page 314, of said records."

The special issues submitted to the jury were as follows:

"Question No. 1. Did the defendant, W. E. Jones, on or about April 28, 1925, make to the plaintiffs, Adlawyer Baldwin and Jack Baldwin the statements and representations substantially as alleged by said plaintiffs in paragraph 5, of their first amended original petition filed herein on October 20, 1926? (Answer yes or no.)"

"Question No. 2. Did the plaintiffs, Adlawyer Baldwin and Jack Baldwin, rely upon said statements and representations, if any, which were made to them at that time by the defendant, W. E. Jones, and were the plaintiffs, Adlawyer Baldwin and Jack Baldwin, thereby deceived and induced into signing and delivering to said W. E. Jones, the power of attorney bearing date the 28th day of April, 1925? (Answer yes or no.)"

"Question No. 3. Did the defendant, W. E. Jones, in substance repeat to the plaintiffs, Adlawyer Baldwin and Jack Baldwin, the same statements and representations, on or about August 5, 1925, as alleged by plaintiffs in paragraph 8 of their said first amended original petition? (Answer yes or no.)"

"Question No. 4. Did the plaintiffs, Adlawyer Baldwin and Jack Baldwin, rely upon said statements and representations, if any, which were made to them by said W. E. Jones at that time and were the plaintiffs, Adlawyer Baldwin and Jack Baldwin, thereby deceived and induced into signing and delivering to said W. E. Jones and A. L. Shaw the power of attorney bearing date the 5th day of August, 1925, and recorded in volume 128, page 314, Deed Records of Liberty County, Texas, as alleged by plaintiffs in paragraph 8 of their said first amended original petition? (Answer yes or no.)"

As before shown, all of the above special issues were answered in the affirmative. Now, as we understand the contention of counsel for appellants, it is that paragraphs 5 and 8 of the plaintiffs' petition alleged no fact or facts sufficient to constitute legal fraud upon the plaintiffs on the part of Jones in procuring the powers of attorney of April 28, 1925, and of August 5, 1925, and therefore they contend, as we have shown, that there was no basis in the pleading for the special issues that the court submitted to the jury.

When all of the allegations contained in paragraphs 5 and 8, as we have quoted them, of the plaintiffs' petition as statements and representations made by defendant Jones to Adlawyer Baldwin and her husband, who are alleged and shown by the evidence to be ignorant negroes, are properly considered and construed, we are of the opinion that they charge legal fraud on the part of Jones in procuring and obtaining from these negroes the powers of attorney of April 28, 1925, and of August 5, 1925. Counsel for appellants contend that, even if all the statements and representations attributed to Jones by paragraphs 5 and 8 of the petition were admitted to be true, nevertheless they charge nothing more than mere statements of opinion on his part, and that they do not show, given their broadest meaning, that he made any misrepresentation of a material fact to the plaintiffs, by which they were induced to execute the two powers of attorney. We cannot agree with this contention. When both paragraphs of the petition (5 and 8) are properly understood, they charge, in our opinion, several material misrepresentations of fact, by which the plaintiffs, Baldwin and wife, were induced to execute the powers of attorney sought to be canceled. It will be observed that paragraphs 5 and 8 of the petition state expressly that every statement and representation made by Jones was made as a statement of fact by him, and not merely as his opinion. In Gardner v. Dorsey (Tex. Civ. App.) 272 S. W. 272, the court, among other things, said:

"Wherever a party states a matter which might otherwise be only an opinion, and does not state it as the mere expression of his own opinion, but affirms it as an existing fact material to the transaction, so that the other party may reasonably treat it as a fact, and rely and act upon it as such, then the statement clearly becomes an affirmation of fact, within the meaning of the general rule, and may be a fraudulent misrepresentation."

See, also, McDonald v. Lastinger (Tex. Civ. App.) 214 S. W. 831; Parker v. Solis (Tex. Civ. App.) 277 S. W. 717; Bourland v. Huffhines (Tex. Civ. App.) 244 S. W. 853; Mitchell v. Zimmerman, 4 Tex. 79, 51 Am. Dec. 717.

It would serve no useful purpose to argue at length the statements and representations alleged by the plaintiffs to have been made by the defendant Jones in procuring from them the powers of attorney sought to be canceled, and which they allege were false and fraudulently made, and that they were induced thereby to execute the powers of attorney. Taking into consideration the fact that these negroes were ignorant, and that the defend-

ant Jones was a shrewd and intelligent white man, and represented to these negroes that he was a lawyer and an experienced oil man, and had operated in many oil fields, and had made many poor people rich by the exercise of his experience and skill, and that he could make these negroes rich if he were permitted to handle their property for them, and that he would be able to cancel and annul a certain power of attorney that had been given to one Marrs McLean, by which another tract of land owned by them was then incumbered, and that he would do this, and further that he could and would recover for them another tract of 160 acres of land to which they had title by limitation, we think that the allegations were sufficient to charge a legal fraud on the part of Jones in procuring from these ignorant negroes these powers of attorney.

As to the second contention in this connection, that there was no evidence to warrant the findings of the jury in response to the four special issues submitted, we think it sufficient to say, without going into detail, that the evidence in this record was such as to warrant the jury's answers to each special issue that was submitted. It is true that Mr. Jones denied emphatically most of the testimony of these old negroes relating to the manner in which these powers of attorney were procured. Nevertheless, they both testified, substantially, in support of every allegation made in their petition relating to the misrepresentations and statements made by Jones in procuring these powers of attorney. The jury gave credence to the testimony of these negroes, and the state of the evidence is not such that we would be warranted in disregarding the jury's findings and setting their verdict aside. We therefore overrule the contention made by appellants that there was no basis in the pleadings of the plaintiffs for the issues submitted by the court, and that there was no evidence to warrant the findings of the jury in response to these issues.

■■■ With reference to the contention of appellant Shaw that the court should have rendered judgment in his favor for the value of his legal services in behalf of plaintiffs, Baldwin and wife, and the minor children, in the two suits in the United States District Court, the record is not in such shape that we can sustain this contention. The evidence did not show without dispute, as contended by appellant Shaw, that his legal services were furnished to and accepted by the plaintiffs, Baldwin and wife, in the suits in the United States District Court, but, on the contrary, the evidence on that point was at least in conflict, because Adlawyer Baldwin testified, clearly and unequivocally, that Mr. Shaw was discharged before the suits in the federal court were ever reached for trial,

and that plaintiff and her counsel in this suit protested against Mr. Shaw participating in the suits in the United States District Court. It is true Mr. Shaw testified that he was present when the suits in the federal court were tried, and that he did participate in the trial, and that he was never discharged by the plaintiffs, and that he rendered valuable services in their behalf in the trial in the federal court. Upon such state of the evidence, it cannot be said that it was shown without dispute that Mr. Shaw rendered services for the plaintiffs in the federal court suits, which were accepted by them, and the benefit of which they got, and that he was entitled as a matter of law to the value of his services. The judgment of the court against appellant Shaw on this issue involves a finding on this disputed evidence in favor of the plaintiffs. Article 2190, R. S. 1925. The record also fails to show any request by appellant Shaw for the submission of an issue on this point to the jury. Therefore this issue must be held to have been waived by the appellant Shaw. Bulin v. Smith (Tex. Com. App.) 1 S.W.(2d) 591.

While we have not discussed all of the several propositions advanced by appellants, what we have said in effect disposes of them all, and it follows, from these conclusions, that the trial court's judgment should be affirmed, which has been ordered.