### JONES et al. v. BALDWIN et al.
### (No. 1272—5313.)

Commission of Appeals of Texas, Section A.
Jan. 29, 1930.

A. L. Shaw, King & Jackson, and David E. O'Fiel, all of Beaumont, D. A. Puckett, of Houston, and O. M. Lord, of Beaumont, for plaintiffs in error.

E. B. Pickett, Jr., of Liberty, for defendants in error.

CRITZ, J. This suit was filed in the district court of Liberty county, Tex., by Adlawyer A. Baldwin et al., defendants in error, against W. E. Jones et al., plaintiffs in error, and was tried in the district court on the first amended original petition, wherein an action in trespass to try title was pleaded for the recovery of 75 acres of land in Liberty county, and also the petition seeks to have canceled certain powers of attorney theretofore executed by Adlawyer A. Baldwin and her husband, now deceased. Also the petition alleges that W. E. Jones et al. are asserting some character of title, etc., in the tract of land under such powers of attorney. The petition alleges that the powers of attorney were procured by certain statements and misrepresentations, etc., made by Jones et al., and in this connection attempts to plead fraud in the procurement and delivery of such powers of attorney.

The trial in the district court resulted in a verdict and judgment for the plaintiff. Jones et al. appealed to the Court of Civil Appeals for the Ninth district at Beaumont, which court affirmed the judgment of the trial court. 10 S.W.(2d) 388. The case is now before the Supreme Court on writ of error granted on application of Jones et al.

For convenience we will hereafter refer to the parties in the order in which they appear in the district court. Adlawyer A. Baldwin et al. will be referred to as plaintiffs, and W. E. Jones et al. as defendants.

In order that this opinion may be fully understood, we copy paragraphs 3 to 9, inclusive, of the plaintiffs' petition into this paragraph. Said paragraphs are as follows:

"3. Plaintiffs further represent that the defendants are asserting and claiming some alleged right, title or interest in and to the land above described under and by virtue of certain purported powers of attorney which purport to have been executed by the plaintiffs, Adlawyer Baldwin and Jack Baldwin, as follows:

"(1) One dated April 28th, 1925, and of record in Vol. 126, page 344, of the Deed Records of Liberty County, Texas.

"(2) One dated August 5th, 1925, and of record in Vol. 128, page 312, of said records.

"(3) One dated August 5th, 1925, and of record in Vol. 128, page 314, of said records.

"(4) One dated August 5th, 1925, and of record in Vol. 128, page 313, of said records.

"4. That the plaintiffs, Adlawyer Baldwin and Jack Baldwin were induced and deceived into signing and delivering said purported powers of attorney by fraud, deception and misrepresentations on the part of the defendant, W. E. Jones, who was acting for himself and the other defendants, and such fraud, deception, misrepresentations and imposition which mislead and induced said plaintiffs into the signing and delivering of such documents, will be hereinafter specifically set forth; that each and all of the said purported powers of attorney are null and void and have been null and void from their inception, be-

cause of the fraud, deception and imposition practiced upon and committed against said plaintiffs by the said defendant, W. E. Jones, who was acting not only for himself, but also for the other two defendants, A. L. Shaw and J. G. Kaplan.

"5. That on or about the 28th. day of April, 1925, and long prior thereto, the plaintiffs were living upon the 75 acre tract of land above described as their homestead and no one had ever asserted any title or claim adversely thereto; that on or about said date the said defendant, W. E. Jones, approached the plaintiffs and solicited them to execute and deliver to him a power of attorney authorizing him to recover for plaintiffs a 75 acre tract of land out of a larger tract of land in said Minchey league known as the Condit tract but being a tract of land different from the 75 acre tract of land above described and further the said defendant, Jones represented to the plaintiffs, Adlawyer Baldwin and Jack Baldwin that they were not capable of managing their property located in the South Liberty Oil Field and did not understand how to handle it so as to obtain out of it the large amounts of money they ought to be receiving and would receive if said property was properly handled and managed; and that he, the said Jones if he represented them, could and would gain and realize for them large amounts of money, and also that he, the said Jones was especially experienced in handling and looking after property in oil fields and in recovering and clearing up titles to lands in oil fields when oil 'booms' were in progress and that by such efforts he had enabled poor people to become rich, and that if said plaintiffs would employ him to represent them and would give him the power of attorney he was seeking and although they were then poor he could and would make them rich people in a very short time; said defendant also represented to said plaintiffs that he was a lawyer and well understood how to proceed in caring for and handling all of plaintiffs' business so as to accomplish for them such beneficial results.

"Furthermore, the said defendant, Jones, then and there stated and represented to said plaintiffs that if they would execute and deliver to him a power of attorney to act for and represent them in the premises, he could and would have have set aside and cancelled that certain oil and mineral lease which had been executed on the 75 acre. tract of land above described to one Marrs McLean by Frederick Antoine and his wife, Adlawyer Antoine, on the 3rd. day of June, 1916, (the plaintiff, Adlawyer Baldwin, was at the time the wife of Frederick Antoine, now deceased), and that after having such lease cancelled and set aside he could and would procure a large amount of money for another lease upon that same land, or that if he did not so set aside and cancel said lease, he could procure from the man who already held it much more money

than plaintiffs had been paid or would receive under said lease without the assistance of said Jones, who in the same connection, further stated to said plaintiffs that said lease could be easily cancelled if the matter of having it cancelled could be attended to by some qualified and experienced person.

"6. That the said plaintiffs, Adlawyer and Jack Baldwin, are negroes without education and they have had little or no experience in business affairs, while the said defendant, Jones is a white man, and they trusted to him to deal with them fairly, and they relied in good faith upon the representations which were made to them by said Jones as above alleged, and thereby they were induced and deceived into signing and delivering the above mentioned power of attorney of date April 28th, 1925, and but for such representations, fraud and deceit on the part of said Jones, the said plaintiffs would not have signed or delivered to him such document which purports to be a power of attorney.

"That after said plaintiffs did sign and deliver such document to said Jones, neither he nor the other defendants herein undertook to have set aside and cancelled the said oil and mineral lease above mentioned to Marrs McLean of date June 3, 1916, nor have they in any way or to any extent fulfilled the promises and representations made to said plaintiffs by the said defendant, Jones, but on the contrary, they have wholly failed to perform or accomplish anything of advantage or benefit to plaintiffs; that while defendants did file a suit in behalf of plaintiffs for the recovery of a 75 acre undivided interest in the Condit tract in said Minchey league, said suit was later dismissed by the court for want of prosecution; and plaintiffs have learned that said Jones when he induced them to sign and deliver to him said purported power of Attorney as above alleged, was not a lawyer, and he is not now, and the statements and representations he made to said plaintiffs as above alleged, were made wrongfully and fraudulently and solely for the purpose of inducing and deceiving said plaintiffs into signing and delivering to him the said purported Power of Attorney of date April 28th, 1925, and the other documents of a similar nature which are above referred to and which will be hereinafter again referred to.

"7. That in said purported power of Attorney of date April 28th, 1925, which is recorded in Vol. 126, page 344, of the Deed Records of said County, the purported grantees were W. E. Jones, J. G. Kaplan, C. A. Lord and O. M. Lord, but thereafter on the 5th. day of August, 1925, the said plaintiffs, Adlawyer and Jack Baldwin signed a written document and the same is recorded in Vol. 128, page 312, of said records in which it is recited that the said purported power of Attorney of date April 28th, 1925, is revoked as to said C. A. Lord and O. M. Lord, but that said purported power of attorney is confirmed as to said W.

E. Jones and J. G. Kaplan; and plaintiffs allege that such document or purported power of attorney of date August 5th, 1925, and recorded in Vol. 128, page 312, of said records, would not have been signed and delivered by them but for the said fraud, misrepresentations and deception practiced upon them by the defendant, W. E. Jones, as above alleged and that they were induced and deceived into signing and delivering such document or purported power of attorney by reason of such fraud, misrepresentations, imposition and deception, as said plaintiffs were still relying upon the representations which said Jones had made to them as above alleged and which he in substance repeated to them on or about the date they signed and delivered to him said last mentioned document and the signing and delivering of said document of date August 5th, 1925, recorded in Vol. 128, page 312, was but a part and parcel of the prior transaction in which said Jones procured said purported power of attorney dated April 28th, 1925.

"8. That the said plaintiffs, Adlawyer and Jack Baldwin, also on the 5th. day of August, 1925, signed another written document which purports to be a power of Attorney from them to the defendants A. L. Shaw and W. E. Jones, such document being recorded in Vol. 128, page 314, of the Deed Records of said County; that when such document was signed and delivered by them said plaintiffs were still relying upon the representations which had been made by said Jones to them as above alleged, and which he in substance repeated to them on or about the date they signed and delivered to him said last mentioned document and thereby they were induced and deceived into signing and delivering such purported power of Attorney last referred to, and but for such misrepresentations, fraud and deceit on the part of said Jones the said plaintiffs would not have signed or delivered to him such document which purports to be a power of attorney of date August 5th, 1925, and recorded in Vol. 128, page 314, of said records.

"9. That on the 5th. day of August, 1925, the said plaintiffs, Adlawyer and Jack Baldwin, signed still another written document, which is recorded in Vol. 128, page 313, of said records, and which purports to be a revocation of two prior alleged powers of Attorney referred to as being of record in Vol. 124, page 534, and Vol. 125, page 611, of the Deed Records of Liberty County; and in this document of date August 5th, 1925, and recorded in Vol. 128, page 313, of said records, it is recited that said alleged powers of attorney are revoked 'as to the said C. W. Howth and J. A. Wisong, but it is strictly understood that we in no wise cancel, revoke, recall or make void the powers therein as to our said Attorney, W. E. Jones and we hereby declare that the power of Attorney, so made, executed and delivered by us on the said date above mentioned is to remain in full force and effect as to our said attorney in fact, W. E. Jones, so long as he endeavors to perform the duties and powers delegated therein and take care of our estate and interest under said power of Attorney.' That in signing and delivering such document which contains the recital just above quoted, in so far as such document undertakes to confirm a prior alleged power of attorney to said defendant, W. E. Jones, the said Plaintiffs, Adlawyer Baldwin and Jack Baldwin, were still relying upon the representations which had been made to them by said Jones as above alleged, and which he in substance repeated to them on or about the date they signed and delivered to him said last mentioned document and they were thereby induced and deceived into signing and delivering such document last mentioned which purports to be a confirmation of a prior power of Attorney to said Jones and but for such misrepresentations, fraud and deceit on the part of said Jones, the said plaintiffs would not have signed or delivered to him that said document of date August 5th, 1925, and recorded in Vol. 128, page 313, of said records."

The case was submitted to a jury in the district court on special issues. The special issues submitted are as follows:

"Question No. 1. Did the defendant, W. E. Jones, on or about April 28th, 1925, make to the plaintiffs, Adlawyer Baldwin and Jack Baldwin, the statements and representations substantially as alleged by said plaintiffs in paragraph 5, of their first amended original petition filed herein on October 20th, 1926? (Answer yes or no.)

"If you have answered 'Yes' to preceding question No. 1 then answer the succeeding question No. 2.

"Question No. 2. Did the plaintiffs, Adlawyer Baldwin and Jack Baldwin, rely upon said statements and representations, if any, which were made to them at that time by the defendant, W. E. Jones, and were the plaintiffs, Adlawyer Baldwin and Jack Baldwin, thereby deceived and induced into signing and delivering to said W. E. Jones, the power of attorney bearing date the 28th. day of April, 1925? (Answer yes or no.)

"Question No. 3. Did the defendant, W. E. Jones, in substance repeat to the plaintiffs, Adlawyer Baldwin and Jack Baldwin, the same statements and representations, on or about August 5th, 1925, as alleged by plaintiffs in paragraph 8 of their said first amended original petition? (Answer yes or no.)

"If you have answered 'Yes' to preceding question No. 3, then answer the succeeding question No. 4.

"Question No. 4. Did the plaintiffs, Adlawyer Baldwin and Jack Baldwin rely upon said statements and representations, if any, which were made to them by said W. E. Jones at that time and were the plaintiffs, Adlawyer Baldwin and Jack Baldwin, thereby deceived

and induced into signing and delivering to said W. E. Jones and A. L. Shaw the power of attorney bearing date the 5th. day of August, 1925, and recorded in Vol. 128, page 314, Deed Records of Liberty County, Texas, as alleged by plaintiffs in paragraph 8, of their said first amended original petition? (Answer yes or no.)"

All of the above special issues were answered in the affirmative.

By their assignments of error, and propositions thereunder, defendants contend that the Court of Civil Appeals erred in holding that paragraphs 5 and 8 of the petition in the trial court above quoted, upon which the findings of the jury were based, sufficiently allege a case of legal fraud which would support the above-quoted findings of the jury thereon, for the following reasons:

(a) That there are no allegations in said paragraphs upon which the findings of the jury were predicated that the representations were false or untrue.

(b) That there are no allegations in said paragraphs (meaning 5 and 8) upon which the findings of the jury were based to show that the plaintiffs in the trial court were injured by the representations, or that the representations were not carried out and performed.

(c) That there are no allegations in said paragraphs 5 and 8 that the representations alleged to have been made by the defendant Jones were of material facts, which is a necessary element of legal fraud.

(d) That "that to constitute an element of fraud, a false representation must be of an existing fact and not a promise of something to be done in the future, and the burden was on the plaintiffs below to allege and prove that defendant, Jones, at the very time he made the alleged representations and statements set forth in paragraphs 5 and 8, did not intend to fulfill them, but on the contrary, then by so doing intended to thereby deceive the plaintiffs and induce them to execute said power of attorney."

The answer of the defendant A. L. Shaw specially excepted to paragraph 3 of the plaintiffs' petition on the ground that said petition does not connect him in any manner with the execution of the powers of attorney which are described in said paragraph. Shaw also excepted specially to paragraph 4 above on the ground that it is too vague and uncertain to allege facts constituting fraud, etc., and that the entire paragraph is a mere conclusion of the pleader. These are the only exceptions to the plaintiffs' pleadings filed by A. L. Shaw. The defendants J. G. Kaplan and W. E. Jones filed no special exceptions at all, and their answers merely contain general demurrer, general denial, and plea of "not guilty."

The defendants in the trial court merely excepted to the charge as given on the ground: (a) "That the court should have given an "instructed charge;"" (b) that the charge is too general, and in no way submits to the jury the issues as raised by the pleadings and evidence; (c) because question No. 1 refers to a power of attorney not in evidence, etc.; (d) because question No. 2 requires the jury to find facts as to the power of attorney of date April 28, 1925, without admitting the power of attorney in evidence, and thereby submitted an issue which in no manner has been presented to the jury as a basis for their finding. These are the only exceptions to the charge disclosed by the record.

■■ Under the above record we are of the opinion that all assignments and propositions thereunder contained in the application for writ of error should be overruled. The petition taken as a whole is sufficient in law, as against a general demurrer and the special exceptions above noted, to allege a cause of action entitling plaintiff to the relief sought by the petition and granted by the trial court on the ground of fraud, and, as none of the issues here raised were raised in the trial court either by special exceptions to the petition, requested charges, or exceptions to the main charge as given, it must be presumed that any of them not found by the jury were waived as a defense, or found by the court in favor of the judgment. Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W.(2d) 1084.

In other words, we hold that the petition of the plaintiff as against a general demurrer, and the special exceptions quoted, was sufficient to entitle plaintiffs to the relief sought and granted on the grounds of fraud. We further hold that where the petition being good as against a general demurrer and no special exceptions having been leveled against the same involving the issues here raised, and the defendants not having requested any special issues involving the questions here raised and not having excepted to the charge on any grounds involved in the issues here raised, no reversible error is presented by the record.

We therefore recommend that the judgment of the Court of Civil Appeals be affirmed.

CURETON, C. J. Judgment of the Court of Civil Appeals affirmed, as recommended by the Commission of Appeals.