L. D. ORMSBY ET AL. V. R. E. RATCLIFFE.

Application No. 15673.    Decided January 11, 1928.
(1 S. W., 2d Series, 1084).

*Burgess, Burgess, Christman & Brundidge,* for petitioner, cited: Art. 2190 and authorities cited in Note 52 thereunder; Vernon's Sayles' Ann. Stats., Vol. 6, p. 757 *et seq.;* Baker v. Coleman Abstract Co., 248 S. W., 412; Ferguson v. Kuehn, 246 S. W., 674; Smith & Lawson v. Taylor, 249 S. W., 519; American Surety Co. v. Hill, 267 S. W., 265, 254 S. W., 241; Casey v. State, 289 S. W., 428; Lee v. Lewis, 287 S. W., 115; Klock v. Dowd, 280 S. W., 194; Ferguson v. Lewis, 290 S. W., 850; Yardley v. Houston Oil Co., 288 S. W., 861; Moore v. Pearson, 100 Texas, 113, 94 S. W., 1132; Prescott-Phoenix Oil & G. Co. v. Gilliland Oil Co., 241 S. W., 775; Butler v. Tyer, 244 S. W., 1059; Wichita v. Huey, 246 S. W., 692; Broadway v. Miller, 288 S. W., 627; Sheek v. Texas Co., 286 S. W., 336; Sunlite Co. v. Justice, 257 S. W., 579.

*Davis, Synnatt & Hatchel,* for Ratcliffe.

MR. JUSTICE PIERSON delivered the opinion of the court.

This cause is pending in this court on application for writ of error to the Honorable Court of Civil Appeals for the Eleventh District.

The Honorable Court of Civil Appeals rendered a correct judgment in the case, and the application for writ of error should be refused. However, it is deemed advisable to write upon one issue in the case, inasmuch as there seems to be considerable confusion in

the Courts of Civil Appeals and among some very able lawyers of the State in relation to a certain rule of practice and the construction of Art. 2190 of the Revised Statutes of the State.

The following from the last page of the opinion of the Court of Civil Appeals will be a sufficient statement of the case for the purposes of this opinion:

"As the record comes before us the court submitted to the jury five special issues. The only two of these answered by the jury were at most mere evidentiary facts and not ultimate issues of fact. The other issues submitted were upon a defense pleaded by the defendant, and were, in fact, real issues raised by the pleadings and evidence. On these issues the jury presumably was unable to agree, for no answers were made thereto. The record does not disclose a request on the part of the defendants in error for the submission of other issues to the jury. It is well established by decisions of our courts that where the court fails to submit a ground of recovery pleaded by plaintiff or a special defense pleaded by the defendant and there is no request to submit the issue or issues omitted, such issue or issues are thereby waived. Firemen's Ins. Co. v. Havron, 277 S. W., 742, and authorities there cited.

"As this case was submitted to the jury all special defenses were waived, except the defense covered by special issues Nos. 3, 4, and 5. The jury being unable to agree on these material issues, there was a mistrial of the case. The trial court did not have the power to substitute its findings, where none were made by the jury, upon an independent ground of defense which the party alleging did not urge.

"When a case is submitted to a jury, and the jury is unable to answer the material issues submitted, it is error for the trial court to dismiss the case on a ground which has been waived by the defendant. The judgment of the trial court will be reversed and the cause remanded."

Art. 2190, Revised Statutes, 1925, in part reads as follows:

"Upon appeal or writ of error, an issue not submitted and not requested is deemed as found by the court in such manner as to support the judgment if there is evidence to sustain such finding."

In this case, and in a number of other cases, it is insisted and has been urged that the provision of the statute wherein it is provided that "an issue not submitted and not requested is deemed as found by the court in such manner as to support the judgment if there is evidence to sustain such finding," includes and applies to all un-

submitted issues in a case, and that such an issue is not waived, and can not be waived, by a mere failure to request its submission.

It has been held in a number of well considered cases, and we think correctly so, that the above quoted provision of the statute does not apply to issues in the case which are independent causes of action in themselves or controlling and independent grounds of recovery, or independent grounds of defense, but that it applies only to such omitted issues as are in accord with and supplemental or incidental to, and which support, the issues of fact which were submitted and found by the jury, and upon which the judgment is based. It will be observed that the statute provides that such an issue not submitted and not requested is deemed "as found by the court in such manner as to *support the judgment*," but it does not provide that such omitted issue or finding shall in itself form the basis for the judgment as an independent ground of recovery, but only in *support* of the judgment properly found and based on a recoverable ground. The language used clearly implies that such unsubmitted and unrequested issues could not form an independent and original basis for the judgment, but only shall be found in such manner as to support the judgment. That this is the proper construction and meaning of Art. 2190 is made clear also by the provisions of Arts. 2185, 2186, and the first part of Art. 2190 quoted above.

Art. 2185 provides:

"The charge shall be in writing, signed by the judge, filed with the clerk, and shall be a part of the record of the cause. It shall be prepared after the evidence has been concluded and shall be submitted to the respective parties or their attorneys for inspection, and a reasonable time given them in which to examine and present objections thereto, which objections shall in every instance be presented to the court before the charge is read to the jury and all objections not so made and presented shall be considered as waived. * * *"

Art. 2186 provides:

"Either party may present to the judge such written instructions as he desires to be given to the jury. * * *"

The first part of Art. 2190 provides:

"Failure to submit an issue shall not be deemed a ground for reversal of the judgment, unless a submission has been requested in writing by the party complaining of the judgment."

And these words are immediately followed by that part of Art. 2190 which provides:

"An issue not submitted and not requested is deemed as found by the court in such manner as to support the judgment if there is evidence to sustain such finding."

We think there is no inconsistency with these different provisions of statutory law, and that the construction we are giving them is in thorough harmony and in keeping with our system of practice in regulating and controlling the trial of cases. In administering justice under our rules of procedure it is necessary that issues be brought and presented to the jury in such a way as a clear and final finding by it may be had sufficient to a rendition of a judgment in the case. The construction contended for would put this statute entirely out of harmony with other provisions, and would not only make uncertain jury trials, but in many instances be a denial of a trial by a jury, and would open the way for surprise holdings and results not contemplated by the parties. Independent grounds of recovery, or grounds of defense wholly neglected and ignored by the parties to the suit themselves, would be made the basis for judgment in the face of the issues submitted, and regardless of the findings by the jury, and, too, upon issues which under reason and the statutes above quoted should be held to have been waived. Can it be said that the Legislature in enacting Art. 2190 (Art. 1985, R. S., 1911) intended to provide in a suit submitted on special issues that a party can abandon or waive an unsubmitted issue only by an overt act or declaration indicating such an intention? We think not. To be sure, an unsubmitted fact issue, consistent with the issue or issues necessary to a recovery, and found by a jury, should be deemed as found by the court in such manner as to support the judgment, if there is evidence to sustain such finding, as provided in the statute; but, as provided in the statute, only in support thereof, and not as a separate and independent finding of facts establishing a cause of action or a defense, and upon which to base a judgment.

It should be remembered that the special issue statutes and the provisions under consideration relate and apply to *"special issues"* submitted to the jury, that is, separate and distinct *questions of fact* or *issues of fact* germane and material to the cause of action, or causes of action, upon which the plaintiff relies for recovery or the defendant as a defense. These issues of fact or questions of fact when found by the jury are findings of fact upon which a judgment upon the pleadings and evidence may be based. It is a proper legal presumption that all correlated, supplemental, and supporting facts should be found in favor of a judgment, but separate and independ-

ent grounds of recovery not so submitted can not be so presumed to exist, but must be held to have been waived by the party failing to ask their submission.

When the omitted issue constitutes a complete ground of recovery, or a complete defense, a failure to request a submission of that issue waives said ground of recovery or said ground of defense. Kirby, Lumber Co. v. Conn, 114 Texas, 104, 262 S. W., 902; San Antonio Public Service Co. v. Tracy, 221 S. W., 637; Texas Drug Co. v. Cadwell, 237 S. W., 968, 976; Galveston, H. & S. A. Ry. Co. v. Price, 240 S. W., 524, 528; Texas City Transportation Co. v. Winters (Texas Com. of App.), 222 S. W., at p. 543; Citizens Natl. Bank of Brownwood v. Texas Compress Co., 294 S. W., 331, 337, 338. (Writ of error refused.)

In the last named case the following language by Chief Justice McClendon was approved by this court:

"The power of the judge to make findings where none are submitted or requested does not extend to independent grounds of recovery or defense, but only to incidental or subsidiary findings necessary to support the judgment in connection with the issues in fact submitted to and found by the jury. A party may waive an issue upon which he relies for recovery or defense by not requesting its submission. In such case the issue is treated as abandoned, and goes out of the case. There is no affirmative finding made thereon, and the judge is not given the power to make such affirmative finding, merely because the opposing party, upon whom no duty in that regard rests, has not requested its submission. The duty to request issues under any circumstances extends only to those respectively which are essential to the cause of action or defense of a party."

In the case of San Antonio Public Service Co. v. Tracy, supra, Chief Justice Fly uses the following language:

"Appellee contends that he pleaded discovered peril and that the evidence showed it. We fail to discover any evidence of discovered peril, but if there were such evidence it could not be considered, because that phase of negligence was not considered by the jury, and cannot be considered by this court. Appellee acquiesced in a submission which eliminated discovered peril. If a plaintiff can allege separate acts of negligence, acquiesce in the submission of only one of them to a jury, and then sustain the verdict on a ground of negligence upon which the jury did not pass, but which it is presumed was found by the judge, jury trial would become a farce, and the ultimate decision on facts as to other grounds of negligence would

rest with the judge. Art. 1985 of the Revised Statutes is not elastic enough to stretch to that extent. It simply means that where a jury has passed on certain issues as to a certain case submitted to them, if there be evidence as to other necessary matters connected with the issues found by the jury, it will be deemed that the court found on such matters in order to support the judgment."

The writ of error is refused.