**ANCHOR v. ANCHOR et al.   (No. 3197.)**

Court of Civil Appeals of Texas.   Amarillo.
March 6, 1929.

Walsh & Smith, of Wichita Falls, for appellant.

Weeks, Morrow, Francis & Hankerson, Bonner, Bonner & Fryer, and Virgil Childress, all of Wichita Falls, for appellees.

RANDOLPH, J. Marie Anchor filed a formal action of trespass to try title in the district court of Wichita county on November 19, 1925, against Lila C. Anchor, W. H. Anchor, and the Farmers' State Bank. to recover a tract of land consisting of 354.3 acres.

Prior to that, on November 8, 1923, the Farmers' State Bank filed its suit against Marie Anchor and W. H. Anchor in the district court aforesaid, alleging, in substance, that the defendant W. H. Anchor was indebted to it upon the indebtedness merged in the judgment hereinafter mentioned, June, 1919, and at all times since; that on the 4th of September, 1923, in cause No. 14633–B, pending in said district court, styled Farmers' State Bank of Burkburnett v. W. H. Anchor, the plaintiff therein recovered a judgment against the defendant W. H. Anchor in the sum of $7,828.17, besides interest and costs; that an abstract of such judgment has been duly recorded and indexed in the record for same, and constitutes a lien upon the prop-

erty hereinafter described; that on the 31st day of December, 1920, defendant W. H. Anchor, while being so indebted to the plaintiff as above stated, made a conveyance of the property hereinafter described to the defendant Mrs. Anchor, which conveyance was in the nature of a gift, and was not for a valuable consideration; that, at the time said conveyance was made, the defendant W. H. Anchor was not then possessed of property within this state subject to execution sufficient to' pay his existing debts, and said conveyance was made with the intention of delaying, hindering, and defrauding the creditors of said W. H. Anchor, including the plaintiff, which fact was known to Marie Anchor; that said conveyance is fraudulent and void, and the property now stands in the name of Marie Anchor, and is subject to the debt of the plaintiff; further fully describing the land in controversy and praying for judgment establishing its lien and foreclosing the same and adjudging the described property subject to the plaintiff's debt, for costs, and general and special relief.

In the first named suit the defendant Lila C. Anchor filed her answer, consisting of a general exception, general denial, and plea of not guilty, and a special plea setting up: A judgment of the Eighty-Ninth district court of Wichita county in cause No. 13745–C, styled Wichita State Bank & Trust Co. v. W. H. Anchor, which judgment foreclosed an attachment lien upon the interest of W. H. Anchor in certain property therein described as of date February 3, 1923, and the same was struck off and sold to said Wichita State Bank & Trust Company, and due conveyance thereof made by the sheriff of said county. That subsequently said property was sold by said Wichita State Bank & Trust Company to the defendant Lila C. Anchor for $2,500 cash. That the property described in said deed from the Wichita State Bank & Trust Company to defendant Lila C. Anchor covering all the interest which said W. H. Anchor had held prior to said foreclosure sale is a large tract of land of which the land described in plaintiff's petition is a part. That said large tract belonging to Ed Waggoner and W. H. Anchor was duly partitioned in the district court of Wichita county, and the land here in controversy was set aside to Marie Anchor and W. H. Anchor. That on the 31st day of December, 1920, W. H. Anchor, for and in consideration of the natural love and affection which he then had' for his then wife, Marie Anchor, conveyed to her all his undivided one-half interest in and to the land upon which said bank fixed the attachment lien and which was sold to said bank and which said bank sold to the defendant Lila C. Anchor. That, at the time of said conveyance, the said W. H. Anchor was indebted to the

said Wichita State Bank & Trust Company upon the indebtedness which was subsequently reduced to judgment, and the said W. H. Anchor was at all times from and after the conveyance aforesaid from himself to his wife Marie Anchor, indebted to said bank upon such indebtedness. That said conveyance from W. H. Anchor to his wife was made for the purposes of hindering, delaying, and defrauding his creditors, including said bank, and that, at the time of said conveyance, and by virtue thereof, the said W.. H. Anchor was not then possessed of property within the state of Texas subject to execution sufficient to pay his existing debts, and said conveyance was and is void as to said prior and existing creditors, including said Wichita State Bank & Trust Company.

That said property was by writ of attachment duly issued in said cause No. 13,745 attached by said bank as the property of W. H. Anchor, said attachment having been levied on the 3d day of February, 1923, and the foreclosure of said writ of attachment, together with the order of sale issued and the conveyance to said bank, did convey all the claim of the said W. H. Anchor in and to said property, and same was and is superior to any claim of Marie Anchor therein, under and by virtue of said conveyance from Anchor to herself, which, as aforesaid, was and is void as against said bank and as against this defendant, who claims under said bank.

The defendant Farmers' State Bank filed its answer in the case at bar, which consisted of a general demurrer, general denial, and plea of not guilty, and a special answer setting up the indebtedness of W. H. Anchor to it on the 31st day of December, 1920, and since that date, which was reduced to judgment in cause No. 14633-B, styled Farmers' State Bank v. W. H. Anchor, said judgment being for the sum of $8,065.03, with interest and costs; that execution was duly issued upon said judgment on the 22d day of February, 1924, and was levied upon lots 1, 2, and 3 in block 2 of the Floral Heights addition to the city of Wichita Falls, Tex., and said lots were ordered sold, and thereupon the sale was enjoined by the plaintiff herein, Marie Anchor, upon the allegation that said property was her separate property by virtue of the fact that it was conveyed to her by her husband at a time when it was the homestead of herself and husband, so as to pass to her free from claims of creditors; further alleging the filing and recording of abstract of judgment, that the ownership of W. H. Anchor of an undivided interest in the land here in controversy was and is his separate property which was not a homestead and pleading the partition judgment between Ed Waggoner and W. H. Anchor above set out; that said land was set aside by the court in the partition suit to Marie Anchor and W. H. Anchor;

also pleading the transfer of the land by Anchor to his wife to hinder, delay, and defraud his creditors, and fully pleading the divorce and other proceedings above referred to.

Plaintiff filed her supplemental petition in reply to the above answer.

Defendant W. H. Anchor filed answer, consisting only of a general exception and plea of not guilty.

Other phases of the pleadings are not nec essary to be stated, as the questions befor, us on this appeal do not require such furthei statement.

The case was tried before a jury upon special issues, and, upon the issues submitted to them, the jury found: (1) That the defendant W. H. Anchor did not have sufficient property subject to execution within this state to pay all of his valid debts after he had deeded the land in controversy on December 31, 1920; (2) that the defendant W. H. Anchor deeded the land to his wife to delay his creditors; (3) that Marie Anchor accepted such conveyance from her husband with the intention to assist her husband in delaying creditors; (4) that the debt evidenced by the note involved in the suit of Wichita State Bank & Trust Co. v. W. H. Anchor, came into existence prior to December 31, 1920; (5) that the debt evidenced by the note involved in the suit of the Farmers' State Bank v. W. H. Anchor came into existence prior to December 31, 1920; (7) that, in taking the deed to the land in controversy from the 'Wichita State Bank & Trust Co., the defendant Lila C. Anchor agreed with W. H. Anchor to hold same for his benefit; (8) that W. H. Anchor and Marie Anchor abandoned their home on Van Buren St; and (9) that such abandonment occurred in December, 1922; and (10) that the defendant Marie Anchor, on February 3, 1923, resided with her then husband, W. H. Anchor, on the land in controversy, intending it then to be the homestead of herself and husband.

No exception was reserved to any of the jury's answers, and they are not attacked because of the evidence not supporting them—hence, upon the issues of fact, such answers are conclusive.

Upon the answers of the jury to the issues submitted, the trial court rendered judgment that the plaintiff, Marie Anchor, do have and recover of and from the defendants Lila C. Anchor and W. H. Anchor title and possession to and of the land in controversy, and that defendants Lila C. Anchor and W. H. Anchor take nothing. (2) It appearing that the plaintiff Marie Anchor has during the time involved paid the sum of $972.82 as taxes and interest on former valid liens, said Marie Anchor is entitled to be paid out of the first proceeds realized from the sale hereinafter decreed the said sum of $972.82. (3) It appearing to the court that

the Farmers' State Bank of Burkburnett, on the 22d day of August, 1921, held the valid obligation of W. H. Anchor, for the principal sum of $5,000, to wit, his indorsement of the note signed by S. M. Jameson, and which obligation was the second renewal of a note in a like sum between the same parties dated prior to the conveyance from W. H. Anchor to Marie Anchor on, to wit, December 31, 1920, the said Farmers' State Bank of Burkburnett is entitled to have the land involved sold for the satisfaction of its debt and the proceeds of the sale applied in the following manner, viz., after payment of all costs, the aforementioned sum of $972.82 to be paid to Marie Anchor, a widow, and thereafter the sum of $5,000, with 8 per cent. interest thereon from August 22, 1921, to be paid the Farmers' State Bank of Burkburnett, Tex., all of the remainder of the proceeds of said sale to be paid to Marie Anchor, a widow. It is further provided that, should Marie Anchor pay off the judgment in favor of the Farmers' State Bank, then no sale of the property should be had, but that Marie Anchor's title to the land in controversy should then and thereby be perpetuated.

The judgment of the trial court was rendered in accordance with the above conclusions of the court with the further order of the court for the issuance of an order of sale to enforce the decree of the court as to the collection of the judgment in favor of the Farmers' State Bank of Burkburnett. From this judgment, the defendant Lila C. Anchor has appealed to this court.

■ At the time W. H. Anchor conveyed the property in controversy to his wife, Marie Anchor, it was not the homestead of said husband and wife. At the time of such conveyance from the husband to the wife, W. H. Anchor was indebted to the Farmers' State Bank, appellee, and that debt, the basis of the said bank's recovery, has never been paid. Afterwards, 200 acres of the land became the homestead of the plaintiff, Marie Anchor, and her then husband, and was such at the time of the levy of the attachment proceedings instituted by the Wichita State Bank & Trust Company. As against the appellee, the land remained the property of W. H. Anchor, for the reason that the evidence establishes—and the jury so found—that the conveyance originally from the husband to the wife was made to delay the creditors of W. H. Anchor, and therefore was void, and that the defendant W. H. Anchor had no property subject to execution sufficient to pay his debts. .

■ The proceedings under which the property was sold by the Wichita State Bank & Trust Company were invalid, and conveyed no title to 200 acres of the 354.3 acres of land, because it was then the homestead of Marie Anchor and her husband. The equitable lien asserted by the Wichita State Bank

& Trust Company could at all events, therefore, apply only to the excess from the 200-acre homestead, but there is another proposition of law developed by the evidence and the verdict of the jury that is sufficient to defeat the claim of Lila C. Anchor, the defendant W. H. Anchor's sister. The jury having found that the defendant Lila C. Anchor was holding the title to the land under the conveyance from the Wichita State Bank & Trust Company, for W. H. Anchor, and no objection being made to the jury's finding, the defendant Lila C. Anchor is thereby concluded by it. Especially is this true when it appears that the defendant Lila C. Anchor did not plead her equitable rights under her purchase from the Wichita State Bank & Trust Company, and did not pray to be subrogated to the bank's rights under her purchase.

■ The defendant Lila C. Anchor was a witness in the divorce case in favor of her brother. The attorney who represented her on the trial of the case at bar was the attorney for her brother, W. H. Anchor, in the trial of the divorce suit in which the title to the land in controversy was adjudged to Marie Anchor. She or her attorney had possession of the conveyance to her by the Wichita State Bank & Trust Company of the land in controversy, and they stood by while the litigation over the land was in progress between her brother and his wife, and made no claim of ownership to the land, notwithstanding the record shows that she and her attorney had full knowledge of the divorce proceedings and the awarding of the land to Marie Anchor. Johnson v. Bingham (Tex. Civ. App.) 251 S. W. 529.

There was no issue submitted to the jury requesting them to find whether or not Lila C. Anchor paid her own money in purchasing the land from the Wichita State Bank & Trust Company.

■ Viewing this either as an issue "in accord with, and supplemental or incidental to, and which support the issues of fact which were submitted and found by the jury, and upon which the judgment is based," or as an independent cause of action in itself, or as an independent ground of defense, the defendant Lila C. Anchor's contention that she, having paid her own money, should have been subrogated to the rights and title of the Wichita State Bank & Trust Company, falls to the ground. In the first instance, the trial court would be presumed to have found upon the issue not submitted, and, in the other, the party urging it, not having pleaded her equitable right to recover by being subrogated to the title and rights of the Wichita State Bank & Trust Company, and not having requested the submission to the jury of such issue, is presumed to have waived it. Ormsby v. Ratcliffe (Tex. Sup.) 1 S.W.(2d) 1084.

"Where there are no pleadings to sustain the evidence, such evidence, even though admitted without objection, does not furnish any basis for a finding by the appellate court." Hull-Tex Oil Ass'n v. Pipes (Tex. Civ. App.) 240 S. W. 994–996.

We have considered all assignments of error and propositions submitted by the appellant, and, finding no reversible error, we affirm the trial court's judgment.