## GALVESTON, H. & S. A. RY. CO. v. WALDO.*

### No. 9305.

Court of Civil Appeals of Texas. Galveston.

Dec. 5, 1930.

Rehearing Denied Jan. 15, 1931.

Arterbury & Coolidge, Garrison & Watson, and Jno. T. Garrison, all of Houston, for appellant.

Fulbright, Crooker & Freeman, W. B. Bates, and T. H. Cody, all of Houston, for appellee.

### GRAVES, J.

Appellee recovered judgment for damages against appellant, his employer, as for its negligent failure to furnish him a reasonably safe place in which to work, in that, after being advised and warned of the impending danger therefrom, it wrongfully neglected to prevent or stop the practice prevailing among his fellow employees in its office, where he worked, of throwing or shooting metal paper clips at each other around the room, whereby he, not having himself indulged in such practice, in that manner suffered the loss of an eye at the hands of some other one of the employees he was unable to name. This court heretofore certified to the Supreme Court what it deemed the controlling questions the record on the appeal presented, as follows:

"(1) Did the inquiries submitted by the Court embody such an issue of fact arising out of the pleadings and evidence as could, upon affirmative answers, properly constitute a predicate for liability?

"(2) Were the questions asked the jury a sufficient submission of the issue of negligence presented by the pleadings and evidence?"

That court in an opinion [29 S.W.(2d) 323] through the Commission of Appeals, filed in this court November 24, 1930, answered both questions in the negative, thereby holding in effect that the appellee was not entitled to recover.

The judgment of the trial court will therefore be reversed, and the cause of action will be rendered in favor of appellant.

On Motion for Rehearing.

After having tried this cause below and on original submission here on the sole theory that appellant was guilty of actionable negligence as affected the appellee, its employee, in failing to furnish him a reasonably safe place in which to do his work, the able counsel for the appellee—following the rendition of it against him by this court in response to the holding of the Supreme Court on certification that the questions asked the jury neither submitted the issue of negligence presented by the pleadings and evidence nor embodied a proper predicate for liability thereunder—on rehearing in this tribunal urges that it should have been remanded for another trial rather than rendered, because "appellee's pleadings and evidence were sufficient to warrant a submission of an issue of appellant's negligence in failing to take steps to stop and to stop the practice of clip-shooting, after it had induced appellee to continue in appellant's employ by representing that the same would be done and as a proximate result of such negligence appellee was injured."

It may be conceded that the pleadings and evidence were sufficient to raise the issue thus now contended for, but the record undisputedly further discloses, not only that neither side requested such an issue in the trial

court, but also that the appellee failed to even object there to the special inquiries submitting only the safe-place theory, defending it here as the only proper predicate for liability.

▮▮ In these circumstances it seems clear that he waived any right of recovery he may have had on the newly presented claim of negligence, since it obviously constituted a complete independent ground of recovery in no way correlative, supplemental, or incidental to the special issues so submitted to the jury, under the holding of our Supreme Court in Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W.(2d) 1084, 1085.

The motion for rehearing will therefore be refused.

Rehearing refused.