## RICHARDSON v. CITY NAT. BANK OF OLNEY.

No. 12807.

Court of Civil Appeals of Texas. Fort Worth.

April 22, 1933.

Rehearing Denied May 20, 1933.

Taylor, Muse & Taylor, of Wichita Falls, for appellant.

E. G. Thornton, of Olney, for appellee.

LATTIMORE, Justice.

This is a suit on a note. Appellant defended on the plea that it was in renewal of a note which was given in lieu of a note signed by appellant's son-in-law and secured by a mortgage on 75 steers, and that appellee had claimed to defendant that if he did not sign the note appellee would prosecute the son-in-law, send him to the penitentiary, for having disposed of some of said mortgaged steers, and that appellant signed the note under duress by such threat.

The case was submitted to the jury on the following charge in part vital to this appeal:

"1. Did M. D. Wolverton, at or prior to the time of the execution of the first note in question tell the defendant Richardson that unless he paid the note in question, executed by McWhorter in favor of the plaintiff, or executed another note for same that he would prosecute McWhorter and send him to the penitentiary?

"Answer: No.

"If you have answered the foregoing issue in the negative you need not answer any of the other issues herein submitted, but if you have answered same in the affirmative, then you will answer:

"2. Did the defendant sign the first note in question wholly through the fear that McWhorter would be prosecuted or sent to the penitentiary unless defendant executed the first note in question or paid off the note to the bank due to plaintiff?

"Answer: ———.

"3. Did the defendant Richardson receive anything of value from any person for the execution by him of either in the first note or the renewal note referred to in the evidence in favor of the plaintiff?

"Answer: ———."

■ We believe that the appellee was entitled to plead that appellant was in the prime of life, active in attendance on his varied business interests, personally carried on wide and extensive business dealings. Assuming that such threats had been made, the inquiry turns then to whether appellant's free agency was overpowered thereby, as inquired about in issue No. 2. To such investigation the facts pleaded as above set out are pertinent. Perhaps the fact that appellant was "of great wealth" and "owned extensive oil lands," etc., was not of itself directly on the point. Still the proof of the other facts pleaded inescapably involved the showing of some of the latter facts and we believe the error, if any, in allowing such latter facts to be pleaded in connection with the others was harmless.

■ Appellant complains that the court used the conjunction "and" instead of "or" in issue No. 1 as to the threats inquired about. Appellant pleaded that appellee threatened to prosecute his son-in-law; that appellee threatened to send said son-in-law to the penitentiary. Appellant testified that appellee threatened to send the son-in-law to the penitentiary; threatened to take the son-in-law to jail. Literally neither of these threats was capable of execution. The proper officers of the government alone could have done either. The practical meaning of each is that appellee would make complaint to the authorities charged with the enforcement of the criminal laws and furnish such authorities the evidence sufficient to present to a jury the guilt of said son-in-law of a criminal offense. That being true, the wording of the two threats means the same thing. We believe the error, if any, is not reversible.

■ Appellant contends that the court should not have accepted the verdict on the answer to the first issue alone. True, duress may be separate from want of or failure of consideration. Duress goes to the question of whether the assent was real. Want of consideration is a defense by virtue of the rule of public policy, ancient in its common-law inception that the courts would not adopt a rule which would multiply lawsuits and tempt grasping persons to give serious effect to ill-considered words, which would give to the promisee an unearned benefit and cause the promisor an unjust detriment. Eastwood v. Kenyon, 11 A. & E. 438. However, appellee undoubtedly surrendered a note and mortgage in reliance upon appellant's note in lieu thereof and this appellant intended should be done. Such is a sufficient consideration for the note. The jury have found that this valid consideration was not tainted by duress. It therefore appears that upon the finding of the jury that there was no duress, the note sued on was thereby established as valid.

■ Moreover, the court instructed, without objection, the jury not to answer the remaining questions if they answered the first question "no." This was equivalent to eliminating the remaining issues from the verdict if duress was not established. The issue of consideration was an independent issue from duress as above pointed out. It was therefore waived. Ormsby v. Ratclifee, 117 Tex. 242, 1 S.W.(2d) 1084.

The argument excluded could have had no bearing on the first question. Its exclusion, therefore, was harmless. Moreover, we believe it properly excluded.

Affirmed.