## BILLINGTON v. NATIONAL STANDARD LIFE INS. CO.

No. 12940.

Court of Civil Appeals of Texas. Fort Worth.

Feb. 3, 1934.

Perkins & Culbertson, of Fort Worth, for appellant.

Bailey, Nickels & Bailey, of Dallas, for appellee.

POWER, Justice.

In January, 1932, appellant, Joe W. Billington, filed suit in the district court of Tarrant county against the appellee, National Standard Life Insurance Company, to recover commissions, bonus, and other compensation alleged to be due him under a contract to solicit life insurance for said insurance company and manage its office in Fort Worth.

A plea of privilege was filed by the insurance company, and in March, 1932, such plea was overruled. No other answer was filed, and judgment was obtained on August 6, 1932. There was no motion for new trial or to vacate and set aside the judgment, and the judgment was not appealed from and has not been discharged.

On August 30, 1932, the insurance company filed in the same district court a petition for review of said judgment, and upon a review of said judgment said petition was granted, judgment was rendered setting aside the original judgment rendered against the insurance company, and judgment rendered for the insurance company against the said Joe W. Billington.

This was an independent suit filed and docketed under a different number from the suit for which judgment was originally rendered in behalf of Billington. The judgment in this independent suit set aside the original judgment in the original case and enjoined Billington from prosecuting said suit further or from insisting upon the issuance of execution in satisfaction thereof.

As a basis for its petition for review and prayer that the original judgment be set aside and enjoined, the insurance company pleaded as follows:

"(III) Your plaintiff represents that it was represented at said hearing by Jos. W. Bailey, Jr., who was of counsel for said plaintiff, and that at the time said plea of privilege was overruled a discussion between counsel for defendant and this plaintiff took place, in which it was suggested that definite plans to perfect the appeal had not been decided upon; that the plaintiff in said cause (defendant here) would have to amend his pleadings before trial, and further, that no trial could be had in the ordinary course of events before the fall of the year, and that while a formal answer could be immediately filed, it might as well be postponed until a full and complete answer could be made to the amended petition. There was at said time, also, negotiations looking to the settlement of said cause, and because of said negotiations between counsel it was agreed that the filing of an answer should be waived until a later day to be decided upon between counsel."

In support of said plea, Joseph W. Bailey, Jr., was sworn and testified as follows:

"My name is Joseph W. Bailey, Jr. I am an attorney at law. This case was originally filed last January, in 1932. At that time I represented the National Standard Life Insurance Company and filed a plea, what is known as a plea of privilege to be sued in another county. That hearing came on in March, and we argued the matter before the court, and the Court overruled the plea of privilege and decided that the case should be tried in Tarrant County. At that time notice of appeal was given expecting that I would get instructions from the home office as to the desirability of appealing the question to the appellate court. And after the trial was concluded Mr. Mansell, who is a member of the law firm of Bryan, Stone, Wade & Agerton here in Fort Worth, and who then represented Mr. Billington, was discussing with me the future progress of this case. He told me, he asked me when I was going to file an answer, and I told him that I did not know whether the case was going to be appealed or not. It might not be appealed, and I said that I had received a letter from him to the effect that the plaintiff would have to amend his pleading and incorporate some other matters that he wanted to sue upon. That wasn't this case; that was the original case of Mr. Billington against the National Standard Life Insurance Company. So, I said, 'Well, you don't care about my filing just a formal answer?' * * * I said, 'You don't particularly want me to file just a formal denial, that won't do you any good. What you want me to do is to file an answer upon which we could go to trial.' I said, 'I couldn't afford to do that until you file your amended plead-

ing, because until I know what you are going to do I don't know what the defense will be.' He says, 'that is correct.'

"We were discussing the matter in the court room right at the conclusion of the trial. We discussed the matter a little further and finally agreed that due to the congested condition of the docket the case could not be reached for trial until this fall anyway, and that he would prepare his amended pleading, submit it to me, and I would immediately prepare my amended answer or my answer and file it in this case. That, as I remember, was approximately the middle of March, and in addition to that, we were discussing at that time a settlement, and had been discussing a settlement of this case at the time that the trouble arose. We had been trying to get together with Mr. Billington and his counsel, and there was a good possibility of our getting together. I know that Mr. Billington and Mr. Mansell came over to my office, and we discussed a possible settlement, but we never could quite get together; never could get anywhere close together; so, finally, as I say, we agreed that the answer would be filed at the time the amended pleading was filed, and we were going to trial. Things rocked along until in May when a situation arose with me that took me out of the practice for a while. As a matter of fact I became a candidate for Congress at Large, which means I was a candidate all over the state of Texas, and I started out the first of June and made two trips entirely around the state of Texas, speaking, meeting people throughout the state. All during that time I was not at my office except probably two times, and then on Sunday when I would get in Sunday morning and leave Sunday night going through my home or some place like that, and I had no opportunity to attend to any of my personal business.

"Now, Mr. Mansell never did notify me of any desire on his part to file an answer and never presented me with an amended petition and finally I was through my campaign, if I remember correctly, Saturday the 27th day of August, and I got into my office on Sunday, and then for the first time my attention was brought to a letter from Mr. Culbertson to the effect that a judgment had been taken; that Mr. Mansell had retired from the case, and that Mr. Culbertson had taken a judgment by reason of the fact that no answer had been filed in the case.

"I immediately called up Mr. Mansell and discussed the matter with him, but as he was no longer of counsel I doubt if that would be admissible in this case. Anyway, there was no opportunity prior to that time for me to file any answer, because prior to that time I had received no word from him that an amended petition had been filed or that he wanted the answer filed. The settlement had been in the air up to the time that I became a candidate, and up to the time that I left my office, and it had never been concluded, and immediately that I did hear of the filing of this judgment, judgment having been taken, I filed the proceedings in this case, which is a proceeding brought by the National Standard Life Insurance Company against Mr. Billington to set that judgment aside and have a set-off. I have here in my pleading statement that the plea of privilege was heard on March 21st, and I presume because of the fact that that was made from the record that that is correct."

This testimony was objected to in that it was not shown that the agreement, if any, between the witness and Mr. Mansell, attorney for plaintiff in the original suit, was in writing or made in open court and entered of record in this court.

Rule 47 for district and county courts provides: "No agreement between attorneys or parties touching any suit pending will be enforced, unless it be in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered of record."

This rule has been upheld in Willis & Bro. v. Sims' Heirs (Tex. Civ. App.) 47 S. W. 55, State v. Quillen (Tex. Civ. App.) 115 S. W. 660, 661, and numerous other cases. The court stated in the case of State v. Quillen, supra, the following: "The judgment against defendant Quillen was set aside upon what was claimed by him to be a verbal agreement with counsel for the state that it might be done. While counsel conducting the case for the state upon the trial did not expressly deny that such agreement had been made, he did not expressly admit it, and, at all events, objected that the agreement, if made, was not in writing and should not be enforced. * * * The agreement in question was not in writing, neither was it made in open court and entered of record. It should not have been given any force over the objection of counsel for the state. To do so was to nullify the rule."

The rule in question is definite and must be enforced. This court cannot ar-

bitrarily refuse the enforcement of such court rules. It therefore follows that the evidence of the witness Bailey, over the objection made, was not admissible.

■ The only excuse offered for not filing an answer to the original suit was the pleading and evidence herein copied. This evidence, concerning the alleged agreement as to the time of filing the answer in the original suit, was denied by the witness Mansell, thereby forming an issue of fact. This issue was not presented to the jury for determination, and the record does not show that the insurance company requested the submission of such issue. Appellee insurance company thereby waived such ground of recovery. Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W.(2d) 1084.

This cause is reversed and rendered.