262

## BEARD & STONE ELECTRIC CO. v. BAKER.

### No. 2624.

Court of Civil Appeals of Texas. Beaumont.
Dec. 12, 1934.

Rehearing Denied Dec. 26, 1934.

Vivier & Mulitz and King C. Haynie, all of Houston, for appellant.

Adams & McAlister, of Nacogdoches, for appellee.

WALKER, Chief Justice.

This was a suit in county court of Nacogdoches county by appellant, Beard & Stone Electric Company, against appellee, O. C. Baker, for the recovery of the sum of $324.-50, the balance due on a promissory note given in payment of certain machinery, and to foreclose the chattel mortgage retained against the machinery to secure the payment of the note. Appellee answered by plea of non est factum, that is, that the name of the payee was changed, and that the language of the note was changed after the note was executed by him. Appellant, by supplemental petition, pleaded estoppel against these defenses. The jury found the following facts:

(1) That the name of the party in said instrument was changed after said instrument was signed by O. C. Baker.

(2) That said change was made without the consent or knowledge of O. C. Baker.

(3) That O. C. Baker is not estopped to assert such changes in differences of said instrument.

(4) That plaintiff had no knowledge of any alterations or changes in said sale contract at the time it acquired same.

(5) That the word "part" as it appears in the instrument sued on was added after the instrument had been signed by O. C. Baker.

(6) That the word "part" was added without the knowledge or consent of said O. C. Baker.

(7) That the equipment was not what it was represented to be.

On the verdict judgment was rendered for appellee that appellant take nothing by reason of its suit and that appellee go hence without day with his costs.

■ Appellant's exceptions to the special issues that they were "contrary to the law" and "contrary to the evidence" are too general to present error. However, the issues submitted to the jury had abundant support in the evidence.

■ There is no merit in the contention that the court erred in finding that the alterations in the note were "material." As originally executed the note was payable to "General Motors Acceptance Corporation." This name was changed to that of appellant. Under the pleading and testimony of appellee there was written on the face of the note the statement "subject to extension when due," which was changed to "subject to part extension when due." It was the testimony of appellee that these changes were made after the note was executed and delivered by him. Both the changes constituted material alterations in the note and supported the judgment of the court.

■ Special issue No. C read as follows: "Do you find from a preponderance of the testimony that the equipment sold and delivered to the defendant was what it was represented to be?" Appellant excepted to this issue "for the reason (a) same is not raised by the

evidence or the pleadings, nowhere in defendant's pleadings is it shown the value of the equipment sold, same is irrelevant and immaterial, same is comment by the Court, upon the weight of the testimony, same is misleading, confusing and suggestive." These exceptions are without merit.

■ Appellant had an alternative plea for the value of the machinery if denied recovery on the note. No issue was submitted to the jury nor requested under this plea. Therefore, this issue was abandoned by appellant. Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W.(2d) 1084.

Appellant's other assignments are without support in the record.

It follows that the judgment of the lower court should be in all things affirmed, and it is accordingly so ordered.