## NOLTE v. OLMOS DINNER CLUB et al.

### No. 10277.

Court of Civil Appeals of Texas. San Antonio.

June 8, 1938.

Rehearing Denied July 13, 1938.

Temple Calhoun, Leonard Brown, and Dodson & Ezell, all of San Antonio, for appellant.

Conger, Low & Spears, of San Antonio, for appellees.

SLATTON, Justice.

This action was brought in the 57th District Court of Bexar County by Norman Wedemeyer against Olmos Dinner Club, a private corporation, and Eugene Nolte, Jr., to recover damages alleged to have been sustained by Wedemeyer on account of an unlawful assault committed upon Wedemeyer by one Marcus Weimer, who was charged to have committed said assault within the course of his employment and under the direction of Olmos Dinner Club and Eugene Nolte, Jr. The assault was alleged to have been committed upon Wedemeyer while said Wedemeyer was a guest of said Olmos Dinner Club and Eugene Nolte, Jr. By trial amendment Wedemeyer alleged that the place of business, known as Olmos Dinner Club, was owned and operated by the Olmos Dinner Club corporation or Eugene Nolte, Jr., the exact one being unknown to Wedemeyer, but well known to Nolte. The cause was submitted to a jury upon special issues. The issues and the jury's answers that are pertinent to this appeal are quoted below:

"(2) Do you find from a preponderance of the evidence that Marcus Wimer was acting within the scope of his employment by the Olmos Dinner Club in committing said assault, if any you have found, upon the plaintiff?

"We, the jury, answer: Yes.

"(2a) Do you find from a preponderance of the evidence that the Olmos Dinner Club, through any of its officers or agents, acting within the scope of their employment, gave any orders or instructions which brought about the assault, if any, inquired about in question No. 1?

"We, the jury, answer: Yes.

"(10) Do you find from a preponderance of the evidence that said Marcus Wimer was acting within the scope of his employment by the Olmos Dinner Club in committing the assault inquired about in the preceding question, if any you have found, upon the plaintiff?

"We, the jury, answer: Yes.

"(10a) Do you find from a preponderance of the evidence that the Olmos Dinner Club, through any of its officers or agents, acting within the scope of their employment, gave any orders or instructions which brought about the assault, if any, inquired about in question No. 9?

"We, the jury, answer: Yes.

"(16) Do you find from a preponderance of the evidence that the place of business known as the 'Olmos. Dinner Club' was not being conducted on or about December 23, 1935, as a corporation?

"We, the jury, answer: It was not being conducted as a corporation.

"(17) Do you find from a preponderance of the evidence that Eugene Nolte, Jr., was operating the place of business known as the 'Olmos Dinner Club' on or about December 23, 1935, in his individual capacity?

"We, the jury, answer: Yes."

Upon the return of the verdict the trial court rendered judgment in favor of Wedemeyer against Eugene Nolte, Jr., for $3,575. Thereafter, the trial court reformed the judgment to be against Olmos Dinner Club, a corporation, and Eugene Nolte, Jr., jointly and severally. The corporation has not appealed.

■■ Eugene Nolte, Jr., brings the case here upon one assignment, which is, in effect, that the findings of the jury are insufficient to sustain a judgment against him individually, in that there is no finding by the jury that Weimer (the one committing the assault) was in the employ of Nolte, or that Nolte, or an agent of Nolte, directed any assault to be committed.

Wedemeyer, in order to recover a judgment against Nolte, must not only allege and prove a cause of action against Nolte, but must obtain a jury finding upon every essential controversial issue necessary to support the cause of action pleaded. and proved. Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W.2d 1084. There is no finding by the jury that Weimer, in the commission of the assault, was acting within the scope of his employment by Eugene Nolte, Jr., individually, nor that Eugene Nolte, Jr., or his agent directed the assault, unless the finding by the jury that Eugene Nolte, Jr., was operating the place of business known as the Olmos Dinner Club in his individual. capacity, could be so construed. In the light of the pleadings and the evidence in this record, it is our opinion that the findings of the jury are not susceptible to that construction. The findings of the jury leave in doubt, we think, whether Weimer, in the commission of the assault, was acting within the scope of his employment by the Olmos Dinner Club, a corporation, or by Eugene Nolte, Jr. Likewise, whether Weimer, in the commission of the assault, was under the direction of Nolte, or Nolte's agent, or of the Olmos Dinner Club, a corporation, is in doubt.

It is contended by the appellee that the issues found by the jury show that Weimer was acting within the scope of his employment by Nolte and under the orders of Nolte, or through the officers and agents of the Olmos Dinner Club, which formed the legal basis for a valid judgment against Nolte. The appellee further asserts that the trial court had the right to disregard the corporate fiction and find as a matter of law that Nolte was. the owner and operator of the properties known as the Olmos Dinner Club, and as such owner was liable individually, with the corporation, for the assaults committed by Weimer.

The proof tended to show that Weimer was an employee of the Olmos Dinner Club, a corporation, and within the scope of his employment committed the assault, and that the assault was committed under the direction of the officers and agents of the Olmos Dinner Club, a corporation. On the other hand, the proof tended to show that Eugene Nolte, Jr., was conducting the place of business in his individual capacity, and that Weimer was in his employment, and while in said employment the assault was committed, under the direction of the appellant, or his agent. These were the

issues made by the evidence, none of which were shown without dispute.

In the light of the pleadings and the evidence, under our rules of practice, it was incumbent upon Wedemeyer to obtain jury findings upon all independent grounds of recovery which were raised by the pleadings and supported by the evidence. Essentially all independent grounds of recovery, which were raised by the pleadings and supported by the evidence, and not shown by the undisputed proof, should be submitted to the jury. If Eugene Nolte, Jr., conducted the place of business known as the Olmos Dinner Club in his individual capacity, as found by the jury, and Weimer, within the scope of his employment by Nolte, individually, committed the assault, or committed the assault under the direction of Nolte or his agents, clearly, Nolte would be liable to Wedemeyer. Only one of these essential controversial facts was found by the jury, therefore, the trial court was not authorized to render a judgment against Nolte individually.

Since the decision of Ormsby v. Ratcliffe, supra (page 1085), our courts have uniformly held in accordance with it, that "When the omitted issue constitutes a complete ground of recovery, or a complete defense, a failure to request a submission of that issue waives said ground of recovery or said ground of defense."

In the present case the findings of the jury to fix liability upon Nolte, individually, are insufficient. This being true, the holding in the case of International-Great Northern R. Co. v. Casey, Tex.Com.App., 46 S.W.2d 669, is applicable (page 671):

"The law places the burden upon the plaintiff to allege and prove that he was entitled to a judgment against the railroad company, and if the pleadings and evidence raise certain issues, it was the duty of the trial court to submit the essential issues to the jury for a finding thereon. If the court failed to submit such issues, it was the duty of plaintiff to request their submission. If plaintiff failed to do this, he has not met the burden placed upon him by law. If it was not done, the law presumes that he waived it, and, unless it is a matter that is incidental or supplemental to the ultimate issues, then the trial court would not be justified in finding this essential fact without having an answer to the jury first made on the issues submitted."

Wedemeyer being charged with the duty of obtaining findings from the jury upon essential issues to support his cause of action, the appellant was under no duty to request their submission and waives no right because of a failure to do so. Citizens National Bank of Brownwood v. Texas Compress Co., Tex.Civ.App., 294 S.W. 331, writ of error refused.

The appellant seasonably objected to the entry of the judgment against him, and in his motion for new trial pointed out with particularity the inadequacies of the verdict to sustain the judgment. Upon this appeal he prays that the judgment of the trial court be reversed and remanded; accordingly, the judgment as against appellant Nolte will be reversed and the cause, as to him, remanded; in all other respects the judgment is affirmed.