## LIVINGSTON v. TURNER et al.

### No. 5784.

Court of Civil Appeals of Texas. Texarkana.

May 30, 1941.

Rehearing Denied June 12, 1941.

M. L. Walters, of Jefferson, for plaintiff in error.

Cornelius & Heaton, of Jefferson, for defendants in error.

HALL, Justice.

Plaintiff in error was plaintiff below and defendants in error were defendants below and they will be so designated here.

Plaintiff brought this suit in form of trespass to try title against defendants in the District Court of Marion County, involving the title to several lots in the Urquhart Division to the City of Jefferson. Plaintiff asserted title under the 10 years' statute of limitation, Vernon's Ann.Civ.St. art. 5510. The defendants answered by denial and plea of not guilty and asserted the record ownership to the lots in controversy. Trial was to a jury upon the following special issue: "Do you find from a preponderance of the evidence, that Jesse Livingston, in person or through other persons holding for him, if any, or partly in person and partly through others holding for him, if any, held peaceable and adverse possession of the land described in plaintiff's original petition and cross action, using and enjoying the same for any period of 10 consecutive years prior to April 1, 1939?"

This special issue was answered in the negative, and judgment was accordingly entered for the defendants.

Plaintiff's 1st proposition is: "Where one had acquired title by adverse possession, and such title had ripened, no statement or acknowledgment of tenancy. or subsequent acts looking to acquisition of title from another source can affect his ownership, right or title to the property in controversy."

This proposition states a correct abstract principle of law, but as we view the facts in this case, it has no application here. Evidence was introduced by defendants of offers made to them by the plaintiff to purchase the land at a time, the plaintiff now claims he had been in possession of the property in controversy for a longer period than ten years, claiming same adversely to every one. The evidence introduced by the plaintiff, if believed, would have been sufficient to warrant a verdict in his favor on the single issue making inquiry of his 10 years' adverse possession. But there is other evidence in the record, strongly contradicting plaintiff's testimony, to the effect that the land was used by plaintiff's mother as tenant of the defendants and as such tenant she paid rents to them during the very time the plaintiff was claiming the land as his own. This being true, a disputed issue of fact as to the occupancy of the premises in controversy by the plaintiff or his tenant existed and the testimony of his offer to purchase same was a circumstance against his claim under the 10 years' statute of limitation. This proposition is overruled.

By plaintiff's second proposition he asserts that he was forcibly ousted from possession of the premises by defendant; that he established a prior possession to that of defendants, and defendants having failed to show title from the sovereignty of the soil as attempted by them, plaintiff should prevail. If, as plaintiff says, he was forcibly ousted from possession of the lots in controversy by the defendants, and defendants failed to prove their title to the property, then plaintiff's prior possession would give him a better claim to the property than defendants, and by virtue thereof he should recover. It is a disputed issue in this case whether plaintiff was in actual possession of the property or whether the property was being held by plaintiff's mother as a tenant of defendants. In such situation plaintiff's right to judgment under the doctrine of prior possession constituted an independent ground of recovery, and it devolved upon him to request the submission of an issue to the jury covering this phase of his cause. This he did not do, therefore this ground of recovery was waived by him. Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W.2d 1084. This proposition is overruled.

The other propositions brought forward by plaintiff relate to his right as a prior

possessor of the property, and what we have said in discussing proposition No. 2 disposes of them adversely to him.

Defendants have filed their motion to strike assignments of error and brief of plaintiff. We have considered the motion and conclude that it is without merit; it is therefore overruled.

Finding no error in the record, the judgment of the court below is in all things affirmed.