### WILLIAMS v. FINLEY.

#### No. 5835.

Court of Civil Appeals of Texas. Texarkana. June 5, 1941.

Rehearing Denied June 12, 1941.

M. M. Williams, of Houston, for appellant.

Cunningham, Lipscomb & Cole, of Bonham, for appellee.

JOHNSON, Chief Justice.

This suit was filed by T. L. Finley against D. Williams who is the same person as Denton Williams, alleging, in substance, that Lawrence Denton had theretofore transferred to defendant one Ford Tudor Sedan for which defendant agreed and promised to pay $277 as a credit or deposit to be applied on the purchase, at any future date, of a new Ford car, which agreement was in part evidenced by the following written memorandum signed by defendant:

"Bonham, Texas.
"January 22, 1937.
"Name: Lawrence Denton
"Address: Bonham, Texas.
"Received as deposit 1–1934 Ford Tudor Sedan Mo. #555396 to apply on purchase of new Ford car at any future date    $325.00
"Less    48.00

———
"$277.00
"Less amount due Universal Credit Company, Dallas, Texas, on the 1934 Ford Car.
"D. Williams."

Plaintiff further alleged that at the time of its execution defendant agreed that said credit or deposit could be assigned and that defendant would redeem same by allowing such assignee credit of $277 on the purchase price of a new Ford car. That plaintiff is the assignee and entitled to the benefits of said deposit agreement, but that defendant has failed and still fails and refuses to perform same. Upon findings of the jury in response to special issues, judgment was entered for plaintiff for $277. Defendant has appealed.

■ Appellant's first proposition asserts that the trial court erred in entering judgment against him in disregard of his plea of limitation. The issue of limitation was not submitted to the jury, and no request was made therefor. In such condition of the record, it is held that appellant waived the issue. Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W.2d 1084.

■ Appellant's second proposition asserts: "The court below erred in giving judgment to the plaintiff on the jury verdict as against the plea of payment by the defendant." Appellant claims that on or about July 8, 1939, he paid the $277 deposit by allowing one Leslie Franklin credit for that amount on a judgment which he held against said Franklin. There is testimony showing that the $277 deposit agreement was conditionally transferred to Franklin, upon the express agreement of appellant that he would allow Franklin credit for the amount on the purchase price of an automobile, but that appellant breached such agreement and refused to so allow the credit. The testimony further shows (and the jury found) that Franklin was not the owner of the deposit agreement and that appellant had not credited same on the judgment which he held against Franklin. Therefore as against appellant's plea of payment to Franklin no error is shown in rendition of the judgment for appellee.

■ Appellant's third · proposition asserts: "The court below erred in giving plaintiff judgment as against the plea of tender made by defendant." Appellant testified to the effect that on an occasion, the date of which is not shown, after execution of the deposit agreement, the Williams Motor Company acting through appellant offered to sell appellee an automobile and accept the $277 deposit in part payment, but that appellee did at that time decline to buy the automobile. In answer to special issue No. 7 inquiring whether such an automobile was tendered to appellee "at any time from August 2, 1937, to July 9, 1939" pursuant to the deposit agreement, the jury answered "Yes." In answer to special issue No. 3 the jury found that the defendant did on July 8, 1939, refuse to allow appellee the $277 deposit as a credit on the purchase of an automobile. The fact that appellant, or the Williams Motor Company acting through appellant, offered to sell appellee an automobile and allow a credit of $277 pursuant to the deposit agreement, did not discharge appellant's liability there-under. The terms of the deposit agreement did not give appellant the option of discharging the obligation by offering to perform at the convenience of appellant. The deposit agreement is to the effect that appellant would allow the $277 as a credit on the purchase of a new automobile "at any future date" after January 27, 1937. We think appellee, and not appellant, had the option to choose the time of performance, provided it was not an unreasonable time.

We have carefully examined the remaining propositions presented in appellant's brief and find that none of them present reversible error, and they are respectfully overruled.

The judgment of the trial court will be affirmed.