OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

March 8, 1999

The Honorable Robert A. Klaeger                    Opinion No. JC-0016
Burnet County Attorney
220 South Pierce                                   Re: Enforcement of traffic laws on privately
Burnet, Texas 78611-3136                           owned streets (RQ-1199)

Dear Mr. Klaeger:

You inquire whether state and municipal traffic laws may be enforced on privately-owned streets. We conclude that such laws apply only on public streets and may not be enforced on privately-owned streets.

You inform us that the City of Meadowlakes ("the City") in Burnet County is a Type A general-law municipality with an estimated population of eleven hundred residents. The Meadowlakes Property Owners Association ("MPOA"), a private association, owns all of the streets located within the city limits of the City of Meadowlakes. None of these streets have been dedicated to the City for use by the general public. The MPOA also maintains a privately-owned gate house at the only point of entrance to or exit from the City to regulate access on the private streets. You ask whether the City has authority to enforce state and municipal traffic regulations on the privately-owned streets.

We do not address other legal issues that may arise with the private ownership of all streets within the boundaries of an incorporated city, except to note that the governing body of an incorporated municipality in this state has numerous duties and responsibilities under the constitution and statutes, including the responsibility to provide non-residents with access to the public meetings and records of the city. See TEX. GOV'T CODE ANN. §§ 551.001-.146 (Open Meetings Act); §§ 552.001-.353 (Public Information Act) (Vernon 1994 & Supp. 1999). You have not asked and we do not comment here on the application of these guarantees or any others that may be afforded to persons residing within the City or to the public in general in relation to the City.

We addressed a question similar to the one you ask in Attorney General Letter Opinion No. 95-064: whether county law enforcement officers were authorized to issue traffic citations to drivers speeding on streets that were not part of the county road system. The streets at issue in Letter Opinion No. 95-064 were dedicated to the public in the subdivision plat filed by the developer, but the dedication was not accepted by the commissioners court. Accordingly, the streets never became public. See Commissioners Court v. Frank Jester Dev. Co., 199 S.W.2d 1004, 1007 (Tex. Civ. App.—Dallas 1947, writ ref'd n.r.e.) (dedication of streets in filed plat is an offer, and acceptance by commissioners court is necessary to make them public streets); Tex. Att'y Gen. Op. No. JM-200

(1984) at 4 (filing plat alone is insufficient to authorize county road maintenance). Letter Opinion No. 95-064 concluded that the county had no authority to regulate and enforce speed limits on such roads because they were not public roads. We reach the same conclusion with respect to the authority of the City of Meadowlakes to enforce traffic laws on the private streets within its boundaries.

Provisions on regulating traffic are found in the Transportation Code, title 7, subtitle C. *See* TEX. TRANSP. CODE ANN. §§ 541.001 - 600.003 (Vernon 1999). Included are provisions on traffic signs and signals, right of way, speed restrictions, parking restrictions, vehicle equipment, and arrest and prosecution of violators. *See id.* chs. 543 - 547. A provision of subtitle C "relating to the operation of a vehicle applies only to the operation of a vehicle on a highway unless the provision specifically applies to a different place." *Id.* § 542.001. A "[h]ighway or street" is "the width between the boundary lines of a publicly maintained way any part of which is open to the public for vehicular traffic." *Id.* § 541.302(5). In contrast, a "[p]rivate road or driveway," is "a privately owned way or place used for vehicular traffic and used only by the owner and persons who have the owner's express or implied permission." *Id.* § 541.302(9). Thus, provisions relating to the operation of a vehicle found in title 7, subtitle C of the Transportation Code apply only on publicly maintained highways and streets.

As you describe the streets of the City of Meadowlakes, they are neither publicly owned nor maintained and are therefore not subject to the state traffic regulations in question. Accordingly, the City of Meadowlakes has no authority to enforce such laws on those private streets. A peace officer has no authority to issue a citation under state law for a traffic offense on the private streets, and if such a citation is issued, it may not be prosecuted. *See Johnson v. State*, 31 S.W.2d 1084, 1086-87 (Tex. Crim. App. 1930) (in prosecution for driving on a public road while intoxicated, evidence established that the road was a public road); Tex. Att'y Gen. Op. No. M-265 (1968) at 3 (in prosecution for obstruction of a "public road," prosecution must prove that road was a "public road").

The provisions of Transportation Code, title 7, subtitle C apply uniformly throughout the state, and a local authority, such as a city, may enact an ordinance that conflicts with a provision of subtitle C, only where subtitle C expressly authorizes it to do so. TEX. TRANSP. CODE ANN. § 542.201 (Vernon 1999); *see id.* § 541.002(3) (defining "local authority" to include "a county, municipality, or other local entity authorized to enact traffic laws under the laws of this state"). Section 542.202 of the Transportation Code expressly authorizes a local authority to regulate traffic within its boundaries in specific ways, such as by regulating parking, designating intersections as stop or yield intersections, designating school crossing zones, and altering a speed limit within statutory limitations. *Id.* § 542.202 (a)(2), (8), (11), (12). However, a city's regulatory authority under section 542.202 of the Transportation Code applies only "with respect to a *highway* under its jurisdiction." *Id.* § 542.202(a) (emphasis added). We have already noted that a "[h]ighway or street" is "the width between the boundary lines of a publicly maintained way any part of which is open to the public for vehicular traffic." *Id.* § 541.302(5). Thus, a city has no authority under section 542.202 to adopt municipal ordinances regulating traffic on privately-owned streets.

You specifically ask whether the City of Meadowlakes may use public monies for the enforcement of state and municipal traffic laws on the private streets owned by the MPOA. Because we conclude that the City lacks authority to enforce state or local traffic laws on the privately-owned streets within its boundaries, we conclude that it may not expend public funds for that purpose.

Article III, section 52 of the Texas Constitution prohibits the legislature from authorizing a county, city, town, or other political corporation to lend its credit or grant public money or anything of value to an individual, association, or corporation, with exceptions not relevant to your question. Article XI, section 3 of the constitution provides that no "county, city, or other municipal corporation shall . . . make any appropriation or donation" to any private corporation or association. These provisions prevent the gratuitous application of funds to a private use, but they do not invalidate an expenditure that is made for the direct accomplishment of a public purpose, even though it may incidentally benefit a private interest. *See* Tex. Att'y Gen. LO-94-078, at 2 (and authorities cited therein). Because the City of Meadowlakes has no authority to enforce state and municipal traffic laws on the private streets owned by the MPOA, there is no public purpose for expending public funds in attempting to do so. Under Texas law, public funds may not be expended to maintain privately-owned roads. *See generally Ex parte Conger*, 357 S.W.2d 740 (Tex. 1962); Tex. Att'y Gen. Op. No. DM-13 (1991); Tex. Att'y Gen. LO-94-078. We conclude that in the absence of authority to enforce traffic laws on the privately-owned streets within the City, the expenditure of public funds on such activity does not serve a public purpose and is prohibited by article III, section 52 and article XI, section 3 of the Texas Constitution.

## S U M M A R Y

Provisions in the Transportation Code, title 7, subtitle C, relating to the operation of a vehicle, apply only on public roadways and not on private roads or streets unless expressly applicable. Accordingly, the City of Meadowlakes has no authority to enforce state and municipal traffic laws on privately-owned streets within its boundaries. A peace officer has no authority to issue a citation for a traffic offense on the private streets, and if such a citation is issued, it may not be prosecuted.

Article III, section 52 and article XI, section 3 of the Texas Constitution prohibit the City of Meadowlakes to use public monies to enforce state and municipal traffic laws on its private streets.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Prepared by Susan L. Garrison
Assistant Attorney General